# Exhibit A

## Notarized Affidavit In Support of Plaintiff's Original Petition

**(Sworn Verification of Facts and Exhibits of Original Petition)**

# AFFIDAVIT OF VERIFICATION OF FACTS AND DOCUMENTS & EXHIBITS

BEFORE ME, the undersigned authority, on this day personally appeared TARIQ FAROOQ, who, being by me duly sworn, upon oath deposed and stated the following:

1. My name is Tariq Farooq. I am over the age of eighteen (18) years, am of sound mind, and am competent to make this affidavit, and make it under penalty of perjury pursuant to Texas Civil Practice and Remedies Code. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am the Plaintiff in the above-styled and numbered cause, and I am filing this Plaintiff's Original Verified Petition ("Petition"), seeking the relief contained within the foregoing.

3. I have reviewed the attached Petition in its entirety.

4. I verify and affirm that all factual statements contained in the Petition are true and correct to the best of my knowledge and belief, including but not limited to the following:

5. I am a Pro Se Litigant in this matter, and I have not had contact with my special needs child, ("M.T.A.F."), since October 12, 2024 – more than twelve months now - due to the supervised visitation requirement imposed by the trial court, which I cannot afford as an indigent parent, *effectively resulting in a termination of my parental rights*.

6. I am indigent and cannot afford to pay the hundreds of dollars per supervised visit required by the trial court's order, which has resulted in a complete termination of physical contact with my child since October 12, 2024.

7. M.T.A.F. has been diagnosed with Tetrasomy 18p, a rare chromosomal disorder, and has documented mental health issues including separation anxiety disorder and a documented history of violence, specifically when away from me.

8. M.T.A.F. was confirmed suicidal on February 1, 2024, during a visit to Plano Children's Hospital – Despite my repeated requests, the mother never followed up with any recommended mental health care to avoid generating adverse evidence against her.

9. The 468 trial court's memorandum ruling issued on August 20, 2024 by Judge Lindsey Wynne is replete with fabrications completely unsupported by the evidence – this proves that Judge Wynne did not satisfy the compelling state interest required to impose such a harsh measure as supervised visitation.

10. The trial court unilaterally converted an in-person open court hearing for the Motion for Entry of the Final Order and instead set a By-Submission process on October 8, 2024, when no Motion for Entry of the Final Order had yet been submitted by either party. The court did not communicate this docket entry to the parties until October 9, 2024.

11. On October 9, 2024, at 11:46 a.m. (when no Motion for Entry of the Final Order had yet been submitted by either party), Ms. Quillin sent an e-mail unilaterally converting the previously set October 10, 2024 in-person hearing on entry of judgment into a submission docket, imposing an objections deadline of October 15, 2024, and stating that the Court would 'render' judgment on October 16, 2024 – yet the facts clearly prove that no rendition occurred until *after* filing and e-service of the Rule 18a Motion for Disqualification on October 17, 2024 11:31 A.M. A true and correct copy of that e-mail is attached to the foregoing Mandamus.

12. I timely filed a Request for Findings of Fact and Conclusions of Law on October 22, 2024.

13. I dated and filed a Notice of Past-Due Findings of Fact and Conclusions of Law on November 24, 2024 which was filed late by the Collin County District Clerk on November 25, 2024.

14. To date, the trial court has not issued any Findings of Fact and Conclusions of Law in any form, shape or manner.

15. On October 17, 2024, at 11:31a.m., I filed a Rule 18a Motion to Disqualify Judge Wynne. Following this filing, Judge Wynne hurriedly and abruptly signed a backdated Final Order and a Recusal Order, both backdated to October 16, 2024, with wet ink signatures instead of standard electronic signatures, DocuSign IDs, abandoning, circumventing and bypassing her own submission-based deadlines and disregarding my objections for the Motion for Entry of the Final Order – Ms. Kim Quillin, the 468 Court Coordinator then walked over to the Collin County District Clerk's Office in the afternoon of October 17, 2024 handing over these backdated wet-signed orders without any written memorandum filed with the clerk – all of this was done in a deliberate and intentional effort to order to circumvent her lack of jurisdictional constitutional authority *after* my Motion to Disqualify was filed against her.

16. The Collin County District Clerk, Rachael Whittaker, confirmed that the 468th District Court Coordinator, Kim Quillin, entered her office with physical wet-signed copies of the orders in the afternoon on October 17, 2024 *instead of the usual electronic filing process, in the afternoon of October 17, 2024 after* my Motion to Disqualify was filed – I have an audio recording of this conversation in my possession.

17. I have documented disabilities, including severe tinnitus for more than seven years now, which impairs my ability to process information, particularly in high-stress environments such as court settings.

18. Judge Lindsey Wynne of the 468 District Court Collin County, Texas has known about my hearing disability for many years prior to the current SAPCR though testimony and written pleadings, yet refused to discuss or provide me with any reasonable ADA accommodations despite oral and written requests to do so.

19. Judge Andrea Thompson of the 416 Court has similarly refused or denied ADA accommodations for my hearing disability after Judge Wynne sua sponte recused herself from my case by backdating the order to October 16, 2024.

20. I certify, verify and affirm that I requested ADA accommodations for my hearing disability via a pre-trial Motion for Additional Time which was heard and denied on June 24, 2024.

21. I certify, verify and affirm that I requested ADA accommodations during various pre-trial hearings and the final trial in addition to testifying about my hearing disability in the related legal proceedings, all of which were heard and denied throughout the pendency of the current matter.

22. The absence of mandatory Findings of Fact and Conclusions of Law has severely harmed me and prejudiced my ability to effectively present my appeal, as I cannot determine the factual and legal basis for the trial court's decision to impose supervised visitation, child support and other factors in the ruling.

23. I further verify and affirm that all exhibits attached to the Petition are true and correct copies of the original documents.

24. The continued separation from my special needs child constitutes an extraordinary circumstance that warrants emergency relief that is appropriate. This separation, which has now lasted over twelve months, is causing ongoing and irreparable harm to both my child and myself.

25. The trial court's imposition of Child Support that does not correspond with my income as an indigent parent and is a harsh measure with zero evidence to support imputed earnings of greater than $100,000 in the final trial.

26. Medical documentation confirms that M.T.A.F. has Tetrasomy 18p since birth, an extremely rare chromosomal disorder affecting fewer than 500 individuals worldwide. Children with this condition require extraordinary consistency in caregiving routines and display heightened vulnerability to separation from primary attachment figures.

27. I verify and affirm that all redacted information pertains to M.T.A.F. and the parties involved in this suit to protect sensitive information as is required by law.

28. On October 17, 2024 at 11:31 a.m., I filed a verified Motion to Disqualify Judge Lindsey Wynne under Texas Rule of Civil Procedure 18a. I received a file-stamped copy confirming this exact time.

29. At 2:08 p.m. on October 16, 2024, as per the already set back-and-forth procedures for the By-Submission Motion for Entry of Final Order, opposing counsel emailed the court coordinator: "Good afternoon

"Ms. Quillin,
I am following up on the ruling from the court on the final order. I believe I am required to submit an order in conformity with the Court's ruling by 4pm today. Please advise.
Vanita Aphan-Kirkland"
No response was ever given by the court further solidifying the fact that no judicial action had been taken by the court on October 16, 2024; and that

the court had not followed its own previously set procedures for the Motion for Entry of the Final Order on either October 16, 2024 or October 17, 2024.

30. At 2:59 p.m. on October 17, 2024 **after having received no ruling or signed order or recusal order (proving no rendition had occurred)**, I sent an email to court coordinator Kim Quillin requesting a copy of any signed final order in this matter, as no order had been distributed to the parties as of that time.

31. At 3:22 p.m. on October 17, 2024, Ms. Quillin replied to me and opposing counsel via email and transmitted two wet-ink-signed documents—(1) a document titled 'Final Order in Suit to Modify Parent-Child Relationship' and (2) a document titled 'Order of Recusal'—both manually signed with wet ink and backdated to October 16, 2024. These documents were the first signed versions of any final or recusal order. True and correct copies are attached collectively in the exhibits section of the foregoing mandamus. The file name of the scanned document begins with "SKM_450i241017," indicating that the scan occurred on October 17, 2024.

32. The court in the past has consistently e-signed and e-served orders and created corresponding electronic docket entries – no such activity took place for the backdated and wet-signed Final Order or the sua sponte recusal order (when no recusal motion was pending before the court).

33. The Collin County District Clerk Rachael Whittaker emailed the final judgement letters on October 17, 2024 at 2:50 p.m. *after* the disqualification motion had been filed.

34. The court docket later showed that both the Final Order and a Sua Sponte Recusal Order (when no recusal motion was pending before the court) were wet-signed and backdated October 16, 2024, but were entered into

the docket electronically on October 17, 2024 at 2:17 p.m. and 2:45 p.m. respectively, **AFTER** my Rule 18a disqualification motion had been filed divesting Judge Wynne of all jurisdiction under Texas Rule of Civil Procedure 18a (making them void ab initio and ultra vires acts). A true and correct copy of the relevant docket sheet is referenced in the foregoing mandamus.

35. There was no oral in-person open-court hearing held for the Motion for Entry of Final Order in the underlying SAPCR.

36. No record—whether transcript, reporter's notes, memorandum, docket notation, or other writing—shows any public rendition of final judgment or the sua sponte recusal order by Judge Wynne on October 16, 2024 or on October 17, 2024 until *after* the Rule 18a Motion for Disqualification of Judge Wynne had been filed, e-served and emailed to the parties.

37. There is no docket entry dated October 16, 2024 showing disposition of the "Motion for Entry of Final Order by submission" or any evidence that judgment had been rendered on that date.

38. On October 17, 2024, I also obtained audio confirmation via recording from the Collin County District Clerk's Office that court coordinator Kim Quillin physically delivered the signed Final Order and Recusal Order in person for docket entry on the afternoon of October 17, 2024, *after* my disqualification motion had already been filed.

39. I respectfully assert that the Final Order and Recusal Order were not rendered on October 16, 2024, as no notice, filing, entry, or communication occurred until *after* my Rule 18a disqualification motion was filed the morning October 17, 2024—well after Judge Wynne's jurisdiction had been frozen under Tex. R. Civ. P. 18a.

40. Therefore, under relevant Texas Law, I assert that Judge Lindsey Wynne along with her Court Coordinator circumvented the Rule 18a Motion that I had filed on October 17, 2024 at 11:31 a.m. and both the Final Order and Recusal Order are void and ultra vires.

<u>Rule 34.6 Hearing held on 08/07/2025 in the 416 Trial Court</u>

41. **Delivery of Original Exhibits.** On 26 June 2024, during the jury trial in Collin County Texas Cause No. 468-51752-2020, I tendered twelve (12) audiovisual exhibits on a single USB flash drive ("Original USB") to Court Reporter **Carolyn England** ("Carolyn England" or "Ms. England" or "England"). Ms. England marked the exhibits and twice confirmed on the record she had "everything [she] needed."

42. **Exclusive Court Custody.** From 26 June 2024 through current date, the Original USB remained solely in the possession or control of Ms. England and/or the Collin County District Clerk. I had no access to the exhibits during that period.

43. **Reporter's Admission of Loss.** On **1 February 2025**, Ms. England e-mailed the parties that the USB in her possession "does not have those [exhibit] numbers" and asked that I resend a properly labelled drive. A true copy of that e-mail chain is attached in the exhibits section of "Emergency Motion To Enforce Mandate And For Relief Under Texas Rule Of Appellate Procedure 34.6(F) dated AUGUST 13, 2025" in the Fifth Court of Appeals.

44. **Immediate Response.** Within 24 hours I replied, asking Ms. England to "give exact Exhibit Numbers … so that I can resend them to you." She never supplied the requested information.

45. **Laptop Crash and Good-Faith Reconstruction.** On or about **13 November 2024**, more than four months after trial ended, my personal

laptop suffered a catastrophic hard-drive failure that destroyed the folder containing the original exhibit files. When Ms. England later asked for new copies, I reconstructed—*to the best of my ability and memory*—the twelve files and transmitted them on **1 February 2025** via email.

46. **Lack of Reasonable Certainty.** Because of that laptop crash and because of time lapsed, I cannot state with reasonable certainty that the reconstructed files are byte-for-byte identical to the originals played to the jury or even if they are the correct filenames with the correct metadata or not as I did this from memory more than seven months after final trial. In fact I am not sure about about anything of the authenticity of the replacement exhibits. They were my *best-faith approximation* only. Accordingly, I request the court that these exhibits are critical to my appeal and they be declared lost due to no fault of mine.

47. **Reporter's Exclusive Statutory Duty.** Ms. England's on-record acceptance of the exhibits during the final trial established her exclusive custody in open court; I, a pro se non-attorney litigant, had **no duty** to maintain back-ups or perfect labels. Any subsequent loss or mis-numbering is attributable to her failure to discharge her Rule 13.1 duties.

48. Under **Tex. R. App. P. 13.1** clearly states:

> "13.1. Duties of Court Reporters and Recorders: The official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings; (b) take all exhibits offered in evidence during a proceeding and ensure that they are marked; (c) file all exhibits with the trial court clerk after a proceeding ends; (d) perform the duties prescribed by Rules 34.6 and 35; and (e) perform other acts relating to the reporter's or recorder's official duties, as the trial court directs."

48. **USB Acceptance**. Ms. England's on-record acceptance of the exhibits during the final trial established her exclusive custody in open court; I, a pro se non-attorney litigant, had **no duty** to maintain back-ups or perfect labels. Any subsequent loss or mis-numbering is attributable to her failure to discharge her Rule 13.1 duties.

49. **Pro Se Status and Reliance on Instructions.** I am **not an attorney** and have acted pro se throughout during the current Suit Affecting Parent Child Relationship ("SAPCR"). I relied entirely on Ms. England's instructions when re-sending the files. She never indicated my compliance was inadequate nor provided written formatting guidelines beyond "correct numbering."

50. **Comprehensive Motions Filed 9-10 July 2025.** On and through July 9-10, 2025, to cure record defects and exercise due diligence I filed the following in Cause Number 416-51752-2020, which remain pending:

    a. **Formal Bill of Exception.**

    b. **Supplemental Clerk's Record Designation.**

    c. **Motion to Correct Clerical Errors in Docket Sheet.**

    d. **Motion for Record Reconstruction & Forensic Examination.**

    e. **Motion to Settle Reporter's Record (Rule 34.6(e)).**

    f. **Rule 34.6(d) Verified Motion to Supplement Reporter's Record.**

g. **Proposed orders for all relief.**

51. **Chain-of-Custody Gap.** From the moment Ms. England accepted the Original USB on 26 June 2024 until she informed the parties on 1 February 2025 that the files "did not have those numbers," no written log, transfer receipt, or metadata record documents where, when, or by whom the exhibits were stored, copied, or handled. Neither the Collin County Texas District Clerk's office nor Ms. England has produced a chain-of-custody form, property tag, or hash verification demonstrating continuous control. This undocumented interval of more than seven months constitutes an irreparable chain-of-custody gap, precluding any forensic determination that the replacement files supplied as replacements via email on 1 February 2025 are the same files that were played to the jury and in front of the court during the final trial on, between and through 26-28 June 2024.

52. **Necessity of Exhibits.** These 12 audiovisual exhibits are critical to a meaningful review via email - the jury and the Court relied on these videos to assess witness credibility and the child's best interests. Without them, meaningful appellate review is impossible.

53. I submit this affidavit in support of my Petition and respectfully request that the Court grant the relief sought therein.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 29th day of October, 2025.



TARIQ FAROOQ, Affiant

State of Texas      County of Hidalgo

SUBSCRIBED AND SWORN TO BEFORE ME on this 29th___ day of ___October___,
2025.

_____  Jose Ricardo Gamboa
                     Notary Public, State of Texas

Notary Public State of ___Texas___

Jose Ricardo Gamboa
_____
ID NUMBER
132691524
COMMISSION EXPIRES
September 17, 2028

Electronically signed and notarized online using the Proof platform.