# Exhibit I

**Final Order and Recusal Order of the 468th District Court of Collin County Texas, manually wet-signed and backdated to October 16, 2024 received from 468 Court Coordinator Kim Quillin via email on October 17, 2024**

**(Supports Judicial Misconduct)**

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 468-51752-2020

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| TARIQ FAROOQ | § | |
| AND | § | 468TH JUDICIAL DISTRICT |
| AMBREEN SAHAR JAFRI | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| H.A.F., F.A.F. AND M.A.F., CHILD | § | COLLIN COUNTY, TEXAS |

## FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

On June 26 and 27, 2024, the Court heard this case.

*Appearances*

Petitioner, TARIQ FAROOQ, appeared physically in the courtroom and announced ready.

Respondent, AMBREEN SAHAR JAFRI, appeared physically in the courtroom.

Respondent's attorney of record, Vanita Aphan-Kirkland, appeared physically in the courtroom and announced ready.

*Record*

The record of testimony was duly reported by the court reporter for the 468TH Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 1 of 36

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was selected, questions of fact were submitted to the jury, and a verdict was returned and duly filed. The jury rendered a verdict of no change in the managing conservatorship.

*Child*

The Court finds that the following child is the subject of this suit:

Name:  (hereinafter referred to as "M.T.F.")
Sex:
Birth date:
Home state:   Texas

*Findings*

The Court finds that the petition to modify the parent-child relationship filed by Petitioner, Tariq Farooq, should be denied. IT IS ORDERED that all relief requested in the petition to modify by Petitioner is DENIED.

*Parenting Plan*

The Court finds that the provisions in this Order relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parenting plan established by the Court.

*Conservatorship*

The jury rendered a verdict of no change in managing conservatorship.

IT IS ORDERED THEREFORE that TARIQ FAROOQ and AMBREEN SAHAR JAFRI are appointed Joint Managing Conservators of the following child: M.A.F.

IT IS ORDERED that, at all times, AMBREEN SAHAR JAFRI, as a parent joint managing conservator, shall have the following rights:

1.    the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.    the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.    the right of access to medical, dental, psychological, and educational records of the child;

4.    the right to consult with a physician, dentist, or psychologist of the child;

5.    the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.    the right to attend school activities, including school lunches, performances, and field trips;

7.    the right to be designated on the child's records as a person to be notified in case of an emergency;

8.    the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.    the right to manage the estates of the child to the extent the estates have been created by the parent's family or by the parent, other than by the community or joint property of the parent.

IT IS ORDERED that, at all times, TARIQ FAROOQ, as a parent joint managing conservator, shall have the following rights:

1.    the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.    the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.    the right of access to medical, dental, psychological, and educational records of

**FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP**                    PAGE **3** of **36**

the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities, including school lunches, performances, and field trips;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estates of the child to the extent the estates have been created by the parent's family or by the parent, other than by the community or joint property of the parent.

IT IS ORDERED that, at all times, TARIQ FAROOQ and AMBREEN SAHAR JAFRI,

as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

2. the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

3. the duty to inform the other conservator of the child if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final

**FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP**          PAGE 4 of 36

protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

4.      the duty to inform the other conservator of the child if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

5.      the duty to inform the other conservator of the child if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, AMBREEN SAHAR JAFRI, as parent joint managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the child;

2.      the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his periods of possession, TARIQ FAROOQ, as parent joint managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the child;

2.      the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the child to medical and dental care not involving an invasive procedure; and

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 5 of 36

4.      the right to direct the moral and religious training of the child.

IT IS ORDERED that AMBREEN SAHAR JAFRI, as a parent joint managing

conservator, shall have the following rights and duty:

1.      the exclusive right, after conferring with father in writing, to designate the primary residence of the child within COLLIN and contiguous counties, however father's consent or agreement is *not* required;

2.      the exclusive right, after conferring with father in writing, to consent to medical, dental, and surgical treatment involving invasive procedures, however father's consent or agreement is *not* required;

3.      the exclusive right, after conferring with father in writing, to consent to psychiatric and psychological treatment of the child, however father's consent or agreement is *not* required;

4.      the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.      the exclusive right, after conferring with father in writing, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child, however father's consent or agreement is *not* required;

6.      the right, subject to agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

7.      the exclusive right, after conferring with father in writing, to enroll the child and make decisions concerning the child's education, however father's consent or agreement is *not* required;

8.      except as provided by section 264.0111 of the Texas Family Code, the exclusive right to the services and earnings of the child;

9.      except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right subject to agreement of the other parent conservator, to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government;

10.     the exclusive right, after conferring with father in writing, to apply for passports for the child, to renew the child's passports, and to maintain possession of the child's passports, however father's consent or agreement is *not* required; and

11.     the exclusive duty to manage the estates of the child to the extent the estates have

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                         PAGE 6 of 36

been created by the community or joint property of the parent.

IT IS ORDERED that TARIQ FAROOQ, as a parent joint managing conservator, shall have the following rights and duty:

1.    the right, subject to agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States; and

2.    except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right subject to agreement of the other parent conservator, to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government.

Notwithstanding any provision in this Order to the contrary, IT IS ORDERED that AMBREEN SAHAR JAFRI shall have the exclusive right to enroll the child in school. Each conservator, during that conservator's period of possession, is ORDERED to ensure the child's attendance in the schools in which AMBREEN SAHAR JAFRI has enrolled the child.

IT IS ORDERED that the primary residence of the child shall be within COLLIN and contiguous counties, and the parties shall not remove the child from COLLIN or contiguous counties for the purpose of changing the primary residence of the child until this geographic restriction is modified by further order of the court of continuing jurisdiction or by a written agreement that is signed by the parties and filed with that court.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the child shall be automatically lifted if, at the time AMBREEN SAHAR JAFRI wishes to remove the child from COLLIN or contiguous counties for the purpose of changing the primary residence of the child, TARIQ FAROOQ does not reside in COLLIN or contiguous counties.

Except as expressly provided otherwise in this order, IT IS ORDERED that all

information of which a conservator is required to notify the other conservator and all documents and information that a conservator is required to provide to the other conservator shall be sent in the following manner:

    a.    delivery to the recipient via Our Family Wizard or at the recipient's electronic mail address as follows or to such other electronic mail address subsequently designated by the recipient:

TARIQ FAROOQ        via Our Family Wizard

AMBREEN SAHAR JAFRI    via Our Family Wizard

and in the event of any change in a recipient's electronic mail address, that recipient is ORDERED to notify the other recipient of such change in writing within twenty-four hours after the change or

    b.    providing the document to the recipient by posting the document on the Our Family Wizard co-parenting website, in accordance with the provisions set forth below in this order.

If AMBREEN SAHAR JAFRI renews M.T.F.'s passport, she is ORDERED to notify TARIQ FAROOQ of that fact no later than 20 days after the application has been submitted.

IT IS ORDERED that any bank account in the name of the child, ███████████, shall remain under the sole and exclusive control of AMBREEN SAHAR JAFRI, as she has the exclusive right to manage the estate of the child that was created by the community.

*Possession and Access*

IT IS ORDERED that nothing in this order shall supersede any term of any protective order or condition of bond, probation, or parole.

1.    Custom Possession Order

On June 26 and 27, 2024, both parties and their respective counsel(s) appeared before the jury and this Court; both parties presented evidence and make their respective arguments in their modification final trial.

After listening to the parties, their testimonies, and reviewing all evidence admitted during the final trial, this Court finds that due to the ongoing behaviors of the Father that put the child's emotional welfare and health and physical safety at risk, it is no longer in the child's best interest for the Father to have a Standard Possession Order of the child without necessary injunctions in place and a modification to the schedule. Some examples of Father's concerning behaviors admitted at trial that have caused harm to the child are admitting the minor disabled child to a psychiatric hospital when it was not necessary and placed an exceptional emotional and physical hardship on the minor disabled child, unnecessarily and frequently exposing this child to emergency rooms at the slightest notion that the child could be ill and when the child does not need emergency intervention, and recording the child whenever the child cries or is in emotional distress.

Some other examples are taking the child to do high impact activities when the child has bone density issues, telling multiple sources the child has multiple mental illnesses that have not been adequately diagnosed - even when medical and school records admitted at trial clearly indicate otherwise; and behaving in a way so concerning for the safety and welfare of his son, that both his adult daughters testified at trial of their concerns with the Father's care of the child. Without necessary supervision in place, the Court must implement supervision to prevent the minor disabled child being put into situations with Father that are not in the child's best interest and that are an abuse of our

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 9 of 36

community resources that are needed for many others out there with medical emergencies, legal/court intervention, or mental health crises and emergencies.

For the physical and emotional safety and welfare of the child and for the best interest, the Father shall have a stair-step possession and access order.

### Step One

a. For the first 180 days, Father shall have supervised possession and access to M.T.F.

b. Father's periods of access and possession shall be, at all times, continually and professionally supervised within the hearing range of the supervisor(s).

c. Father shall be solely responsible for all cost associated with the supervised visits between M.T.F. and himself.

d. All supervised visits shall be conducted in English.

e. The supervised visits shall be completed by either an Access and Visitation Center or private agency within Collin County that has experience supervising Court Ordered visitation between parents and children.

f. Father shall execute a release for Mother to have direct access from the supervisor, the notes from each visit.

g. Father shall have possession and access to M.T.F. every Saturday and Sunday of the 1st, 3rd, and 5th weekends of the month (based on the 1st Friday of the month-still following the OAG calendar) from 10 am to 3 pm (or however long can be accommodated those days).

h. Father shall exercise a minimum of seventy-five percent (75%) of his possession periods (a period is a Saturday and Sunday) supervised in order to proceed to Step Two.

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                PAGE 10 of 36

**Step Two**

    a.  For following 180 days, Father shall have unsupervised possession a access to M.T.F., as long as Father demonstrates that seventy-five percent (75%) of the previous visits were exercised with a supervisor.

    b.  In addition, as long as Father can demonstrate there were no noted concerns addressed or brought forward by the supervisor (i.e. recording the child when he's upset, disparaging the mother, etc.).

    c.  Father shall have possession and access to M.T.F. every Saturday and Sunday of the 1st, 3rd, and 5th weekends of the month (based on the 1st Friday of the month-still following the OAG calendar) from 10 am to 3 pm.

    d.  After Father has completed the 180 days under step 2 with no issues, then Father shall proceed to Step 3, a non-expanded standard possession order of

**Step  Three**

IT IS ORDERED that each conservator shall comply with all terms and conditions of this non-expanded Standard Possession Order. IT IS ORDERED that once Father has successfully completed Step Two above, this non-expanded Standard Possession Order shall apply to all periods of possession occurring between the parties and the child. IT IS, THEREFORE, ORDERED:

*Non-Expanded Access and Possession Order*

(a) Definitions

    1. In this Non-expanded Standard Possession Order, "school" means the elementary or secondary school in which the child is enrolled or, if the child is not enrolled in an elementary or secondary school, the public school district in which the child primarily resides.

2.   In this Non-expanded Standard Possession Order, "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated. (b) Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Non-expanded Standard Possession Order.

(c)      When Parents Reside Fifty Miles or Less Apart

1.  Possessory Conservator

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, when the Possessory Conservator resides fifty miles or less from the primary residence of the child, the Possessory Conservator shall have the right to possession of the child as follows:

1. Weekends —

On weekends that occur during the regular school term, beginning at 6:00 P.M. on on the first, third, and fifth Friday of each month and ending at 6:00 P.M. on the following Sunday.

On weekends that do not occur during the regular school term, beginning at 6:00 P.M. on the first, third, and fifth Friday of each month and ending at 6:00 P.M. on the following Sunday.

2. Weekend Possession Extended by a Holiday—

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, if a weekend period of possession by Possessory Conservator begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at 6:00 p.m. on Friday and end at 6:00 p.m. on the following Sunday.

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, if a weekend period of possession by Possessory Conservator ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. that preceding Sunday.

3. Thursdays –

Father shall have access and possession to the child on Thursday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m. that same day.

4. Spring Vacation in Even-Numbered Years —

In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5. Extended Summer Possession by Possessory Conservator—

With Written Notice by April 1—If Father gives Mother written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Father shall have possession of the child for thirty days beginning no earlier than 6:00 p.m. of the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1—If Father does not give Mother written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Father shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for Father, it is expressly ORDERED that Mother shall have a superior right of possession of the child as follows:

1. Spring Vacation in Odd-Numbered Years—

In odd-numbered years, beginning when the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2. Summer Weekend Possession by Mother —

If Mother gives Father written notice by April 15 of a year, Mother shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Possessory Conservator in that year, provided that Mother picks up the child from Father and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession. Not later than the fifteenth day before the Friday that begins the designated weekend, Father must give Mother

written notice of the location, which shall be within Collin County at which Mother is to pick up and return the child.

    3.  Extended Summer Possession by Mother —

If Mother gives Father written notice by April 15 of a year or gives Father fourteen days' written notice on or after April 16 of a year, Mother may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Father shall not take place in that year, provided that the weekend so designated does not interfere with Father's period or periods of extended summer possession or with Father's Day possession.

Notwithstanding the weekend and Thursday periods of possession of Father, Mother and Father shall have the right to possession of the child as follows:

1. Christmas Holidays in Even-Numbered Years—In even-numbered years, Father shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Mother shall have the right to possession of the child beginning at noon on December 28 and ending when school resumes after that Christmas school vacation.

2. Christmas Holidays in Odd-Numbered Years—In odd-numbered years, Mother shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and Father shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3. Thanksgiving in Odd-Numbered Years—In odd-numbered years, Father shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4. Thanksgiving in Even-Numbered Years—In even-numbered years, Mother shall have the right to possession of the child beginning at the time the child is dismissed from school before Thanksgiving and ending when school resumes after Thanksgiving.

5. Child's Birthday—If a conservator is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child on the child's birthday, that conservator shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that conservator picks up the child from the other conservator's residence and returns the child to that same place.

6. Father's Day—Father shall have the right to possession of the child

each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Father is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child, he shall pick up the child from the other Mother's residence and return the child to that same place.

7. Mother's Day—Mother shall have the right to possession of the child each year, beginning at the time the child's school is regularly dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if Mother is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child, she shall pick up the child from the other conservator's residence and return the child to that same place.

*Undesignated Periods of Possession*

(d) Undesignated Periods of Possession

Mother shall have the right of possession of the child at all other times not specifically designated in this Non-expanded Standard Possession Order for Possessory Conservator.

*General Terms and Conditions*

(e) General Terms and Conditions

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1. Surrender of Child by Mother—Mother is ORDERED to surrender the child to Father at the beginning of each period of Father's possession at the school in which the child is enrolled.

If the child is not physically attending school, Father shall pick up the child at the school in which the child is enrolled, and Mother is ORDERED to surrender the child to Father at the school in which the child is enrolled under these circumstances.

2. Surrender of Child by Father—Father is ORDERED to surrender the child to Mother at the school in which the child is enrolled at the end of each period of possession.

3. Surrender of Child by Father—Father is ORDERED to surrender the child to Mother, if the child is in Father's possession or subject to Father's control, at the beginning of each period of Mother's exclusive periods of possession, at the school in

which the child is enrolled.

4.      Return of Child by Mother—Mother is ORDERED to return the child to Father, if Father is entitled to possession of the child, at the end of each of Mother's exclusive periods of possession, at the school in which the child is enrolled.

5.      Personal Effects—Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.      Designation of Competent Adult—Each conservator may designate any competent adult who does not possess a criminal record or otherwise legally restricted from having access to their children/other children to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.      Inability to Exercise Possession—Each conservator is ORDERED to give at least 48 hours notice or as soon as it become apparent the person in possession of the child will be unable to exercise that conservator's right of possession for any specified period.

8.      Written Notice—Written notice, including notice provided by electronic mail or Our Family Wizard or as otherwise authorized in this Order, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due. Each conservator is ORDERED to notify the other conservator of any change in the conservator's electronic mail address or failure to renew their Our Family Wizard subscription within twenty-four hours after the change or lapse of said subscription.

This conclude the Non-expanded Standard Possession Order.

*Provisions for Muslim Religious Holidays*

In addition to all other provisions for possession provided in this Order, IT IS

ORDERED that a superior right of possession for the child for Muslim religious holidays

shall be as follows:

1.      Eid al-Fitr in Even-Numbered Years - TARIQ FAROOQ shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the 29 day of Ramadan and ending on the day of Eid al-Fitr at 6:00 p.m.

2.      Eid al-Fitr in Odd-Numbered Years -AMBREEN SAHAR JAFRI shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the last day of Ramadan and ending at 6:00 p.m. on the following day.

3.      Eid al-Adha in Even-Numbered Years - AMBREEN SAHAR JAFRI shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day before Eid al-Adha begins and ending at 6:00 p.m. on the second day of Eid al-Adha.

4.      Eid al-Adha in Odd-Numbered Years -TARIQ FAROOQ shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the day before Eid al-Adha begins and ending at 6:00 p.m. on the second day of Eid al-Adha.

5.      Duration

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

6.      Noninterference with Possession

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the child during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

7.      Co-parenting Website Program

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall, each maintain their current subscriptions with the co-parenting website, Our Family Wizard (hereinafter referred to as "OFW") at their sole expense.

IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall maintain that subscription in full force and effect for as long as any child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that AM BREEN SAHAR JAFRI and TARIQ FAROOQ shall each communicate through the Our Family Wizard program with regard to all communication regarding the child, except in the case of emergency or other urgent matters.

IT IS ORDERED that AMBREEN S.A.HAR JAFRI and TARIQ FAROOQ each shall timely post all significant information concerning the health, education, and welfare of the child, including but not limited to the child's medical appointments, the child's schedules and activities, and request for reimbursement of uninsured health-care expenses, on the Our Family Wizard website. However, IT IS ORDERED that neither party shall have any obligation to post on that website any information to which the other party already has access through other means, such as information available on the websites of the child's school(s).

IT IS FURTHER ORDERED that AMBREEN S.A.HAR JAFRI and TARIQ FAROOQ shall each timely post on the Our Family Wizard website a copy of any substantial e-mail received by the party from the child's school(s) or any health-care provider of the child, in the event that e-mail was not also forwarded by the schools or health-care provider to the other party.

For purposes of this section of this order, "timely" means "on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity."

By *agreement*, the parties may communicate in any manner other than using the Our Family Wizard program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the Our Family Wizard program.

### 8.    Termination of Orders

The provisions of this Order relating to conservatorship, possession, or access terminate on the remarriage of TARIQ FAROOQ to AMBREEN SAHAR JAFRI unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

### 9.    International Travel

If the parties intends to travel internationally with the child, they must obtain by written agreement, consent from the other parent, or consent by Court order.

*Child Support*

While Mother's pleadings did not indicate a request for increased child support, despite Father's income increasing from the time of trial to his most recent income brought forward at trial. Additionally, Father provided evidence that he is capable of being employed, has the ability to make well over $100,000 per year, as well as has other income-producing business ventures (i.e. writing and selling books online, etc.) and sought a modification of child support in his own pleadings. However, at this time, the Court orders that his child support obligation remains the same as previously ordered, as well as his monthly cash medical reimbursement obligation. The child has already been found to be a minor disabled child in the prior order, as the child has several disabilities and conditions that render him incapable of ever caring for himself in the future, and Father has been ordered to provide financial support to the Mother for the benefit of the care of the child for the life of the child.

Minor Disabled Child

The Court FINDS that ███████████████████████████████████, a child of this marriage, requires substantial care and personal supervision because of a mental or physical

disability and will not be capable of self-support; and the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child. IT IS ORDERED that TARIQ FAROOQ provide financial support for the life of the child, ███████████████████, ███████████████████, to be paid to AMBREEN SAHAR JAFRI.

IT IS THEREFORE ORDERED that TARIQ FAROOQ is obligated to pay and shall pay to AMBREEN SAHAR JAFRI child support of EIGHT HUNDRED FORTY-SEVEN DOLLARS AND SEVENTEEN CENTS (847.17) per month, with the first payment being due and payable on October 1, 2024, and a like payment being due and payable on the 1st day of each month thereafter until further orders of this court.

The Court finds that even though Mother's pleadings did not indicate a request for increased child support, Father's income has increased from the time of trial to his most recent income brought forward at trial. Additionally, Father provided evidence that he is capable of being employed, has the ability to make well over $100,000 per year, as well as has other income-producing business ventures (i.e. writing and selling books online, etc.).

Withholding from Earnings

IT IS ORDERED that any employer of TARIQ FAROOQ shall be ordered to withhold the child support payments ordered in this Order from the disposable earnings of TARIQ FAROOQ for the support of M.A.F.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of TARIQ FAROOQ by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this Final Order in Suit to Modify the Parent-Child Relationship through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than

100 percent of the amount ordered to be paid by this Final Order in Suit to Modify the Parent-Child Relationship, the balance due remains an obligation of TARIQ FAROOQ, and it is hereby ORDERED that TARIQ FAROOQ pay the balance due directly as specified below.

On this date the Court signed an Income Withholding for Support.

<u>Payment</u>

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to AMBREEN SAHAR JAFRI for the support of the child.  IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, TARIQ FAROOQ's name as the name of the noncustodial parent (NCP), and AMBREEN SAHAR JAFRI's name as the name of the custodial parent (CP).  Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

<u>Change of Employment</u>

IT IS FURTHER ORDERED that TARIQ FAROOQ shall notify this Court and AMBREEN SAHAR JAFRI by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment.  This notice shall be given no later than seven days after the change of address or the termination of employment.  This notice or a subsequent notice shall also provide the current address of TARIQ FAROOQ and the name and address of his current employer, whenever that information becomes available.

Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, AMBREEN SAHAR JAFRI, TARIQ FAROOQ, or an attorney representing AMBREEN SAHAR JAFRI or TARIQ FAROOQ, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

*Medical and Dental Support*

1.  IT IS ORDERED that TARIQ FAROOQ and AMBREEN SAHAR JAFRI shall each provide additional child support for each child as set out in this order for as long as the Court may order TARIQ FAROOQ and AMBREEN SAHAR JAFRI to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day TARIQ FAROOQ and AMBREEN SAHAR JAFRI's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that TARIQ FAROOQ and AMBREEN SAHAR JAFRI are discharged from these obligations with respect to that child, except for any failure by a parent to fully comply with these obligations before that date. IT IS FURTHER ORDERED that the cash medical support payments for costs of health and dental insurance ordered below are payable through the state disbursement unit or as directed below and subject to the provisions for withholding from earnings provided above for other child support payments.

2.  Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 21 of 36

private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all child for which TARIQ FAROOQ is responsible under a medical support order that does not exceed 9 percent of TARIQ FAROOQ's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Dental insurance" means insurance coverage that provides preventive dental care and other dental services, including usual dentist services, office visits, examinations, X-rays, and emergency services, that may be provided through a single service health maintenance organization or other private or public organization.

"Reasonable cost" of dental insurance means the total cost of dental insurance coverage for all child for which TARIQ FAROOQ is responsible under a medical support order that does not exceed 1.5 percent of TARIQ FAROOQ's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Health-care expenses" include, without limitation, medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges but do not include expenses for travel to and from the provider or for nonprescription medication.

"Health-care expenses that are not reimbursed by insurance" ("unreimbursed expenses") include related copayments and deductibles.

3.      Findings on Availability of Health Insurance - Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

No parent has access to private health insurance at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in

the best interest of the child.

4. Provision of Health-Care Coverage –

AMBREEN SAHAR JAFRI is ORDERED to maintain coverage under a governmental medical assistance program or health plan for each child as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums. AMBREEN SAHAR JAFRI is ORDERED-

a. to provide to each conservator of the child and the Office of the Attorney General Child Support Division the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

i. AMBREEN SAHAR JAFRI's Social Security number;

ii. proof that coverage under a governmental medical assistance program or health plan has been provided for the child;

iii. the following documents, to the extent they are applicable for the coverage provided for the child:

(a) the name of the health insurance carrier;

(b) the number of the policy;

(c) a copy of the policy;

(d) a schedule of benefits;

(e) a health insurance membership card or Child's Medicaid card;

(f) claim forms, and

(g) any other information necessary to submit a claim;

b. to provide to each conservator of the child and the Office of the Attorney General Child Support Division a copy of any renewals or changes to the coverage

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 23 of 36

provided for a child and any additional information regarding that coverage of the child not later than the fifteenth day after AMBREEN SAHAR JAFRI receives or is provided with the renewal, change, or additional information;

c. to notify each conservator of the child and the Office of the Attorney General Child Support Division of any termination or lapse of coverage provided for a child no later than the fifteenth day after the date of the termination or lapse;

d. after termination or lapse of coverage provided for the child, to notify each conservator of the child and the Office of the Attorney General Child Support Division of the availability to AMBREEN SAHAR JAFRI of additional health insurance for the child or coverage under a governmental medical assistance program or health plan not later than the fifteenth day after the date the additional health insurance or coverage becomes available; and

e. after termination or lapse of the coverage provided for the child, to enroll the child in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code if the child are eligible for enrollment in the program.

Pursuant to section 154.182(b)(3) of the Texas Family Code, TARIQ FAROOQ is ORDERED to pay AMBREEN SAHAR JAFRI cash medical support, as additional child support, of twenty-five ($25.00) per month, with the first installment being due and payable on October 1, 2024, and a like installment being due and payable on or before the 1st day of each month until the termination or modification of current child support for M.A.F.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized above in this Final Order in Suit to Modify the Parent-Child Relationship shall include the

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP    PAGE 24 of 36

payments for cash medical support ordered herein.

IT IS FURTHER ORDERED that all payments of cash medical support shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, TARIQ FAROOQ's name as the name of the noncustodial parent (NCP), and AMBREEN SAHAR JAFRI's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of TARIQ FAROOQ and shall not terminate on his death.

TARIQ FAROOQ is allowed to discontinue payment of cash medical support, for the time TARIQ FAROOQ is providing coverage, if-

    a.    health insurance for the child becomes available to TARIQ FAROOQ at a reasonable cost;

    b.    TARIQ FAROOQ enrolls the child in the insurance plan; and

    c.    TARIQ FAROOQ provides AMBREEN SAHAR JAFRI and the title IV-D agency the information required under section 154.185 of the Texas Family Code.

5.    Findings on Availability of Dental Insurance – Having considered the cost, accessibility, and quality of dental insurance coverage available to the parties, the Court finds:

No parent has access to dental insurance at a reasonable cost.

6.    Allocation of Unreimbursed Expenses -

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: AMBREEN SAHAR JAFRI is ORDERED to pay 0 percent and TARIQ FAROOQ is ORDERED to pay 100 percent of the unreimbursed health-care expenses that exceed the amount of cash medical support paid by TARIQ FAROOQ.

The conservator who incurs a health-care expense on behalf of a child is ORDERED to provide to the other conservator receipts, bills, statements, or explanations of benefits showing the uninsured portion of the health-care expenses within thirty days after the incurring conservator receives them. The nonincurring conservator is ORDERED to pay the non-incurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within thirty days after the nonincurring conservator receives receipts, bills, statements, or explanations of benefits showing the unreimbursed portion of the health-care expense.

For the Court to hold the nonincurring conservator in civil or criminal contempt for failing to pay the nonincurring conservator's percentage of the unreimbursed portion of a health-care expense, the incurring conservator must prove beyond a reasonable doubt that the nonincurring conservator personally received receipts, bills, statements, or explanations of benefits reflecting the unreimbursed portion of the health-care expense no later than thirty days after the incurring conservator received them. Even if the incurring conservator fails to meet that burden of proof, the Court may award the incurring conservator a judgment in the nature of child support against the nonincurring conservator in the amount of the unreimbursed portion of the

heath-care expense the nonincurring conservator was ordered but fail to pay.

7.    WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE OR DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS, DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

8.    Miscellaneous Health Care Provisions -

Each parent will deliver the medications of the child to the other parent at the beginning of the other parent's parenting time, unless the medications have been divided by the pharmacist into two containers that provide appropriate dosages and administrations to cover the time with each parent or unless two prescriptions can be obtained.

*Miscellaneous Child Support Provisions*

Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this Final Order in Suit to Modify the Parent-Child Relationship shall be an obligation of the estate of TARIQ FAROOQ and shall not terminate on the death of TARIQ FAROOQ.  IT IS ORDERED that payment received by AMBREEN SAHAR JAFRI for the benefit of the child due to the death of TARIQ FAROOQ, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation.  Any

remaining balance of the child support is an obligation of TARIQ FAROOQ's estate.

### Termination of Orders on Remarriage of Parties but Not on Death of Obligee

The provisions of this Final Order in Suit to Modify the Parent-Child Relationship relating to current child support terminate on the remarriage of TARIQ FAROOQ to AMBREEN SAHAR JAFRI unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this Final Order in Suit to Modify the Parent-Child Relationship does not terminate on the death of AMBREEN SAHAR JAFRI but continues as an obligation to M.A.F.

*Co-parenting Web Site Program*

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ shall each maintain an active subscription with Our Family Wizard. Each party shall be responsible solely for his and her subscription cost. IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ F AROOQ each shall maintain that subscription in full force and effect for as long as any child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that AM BREEN SAHAR JAFRI and TARIQ F AROOQ shall each communicate through the Our Family Wizard program with regard to all communication regarding the child, except in the case of emergency or other urgent matter.

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall timely post all significant information concerning the health, education, and welfare of the child, including but not limited to the children's medical appointments, the children's schedules and activities, and request for reimbursement of uninsured health-care expenses, on the Our Family Wizard website. However, IT IS ORDERED that neither party shall have any obligation to post on that website any information to which the other party already has access

through other means, such as information available on the websites of the child's school(s).

IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ shall each timely post on the Our Family Wizard website a copy of any substantial email received by the party from the child's schools or any health-care provider of the child, in the event that email was not also forwarded by the schools or health-care provider to the other party.

For purposes of this section of this order, "timely" means on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity.

By agreement, the parties may communicate in any manner other than using the Our Family Wizard program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the Our Family Wizard program.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: AMBREEN SAHAR JAFRI

| | | | |
|---|---|---|---|
| Social Security number: | xxx/xx/x856 | | |
| Driver's license number: | xxx-xx-060 | Issuing state: | Texas |
| Current residence address: | ███████████████████████ | | |
| | 75023 | | |
| Mailing address: | Same as Residential Address | | |
| Home telephone number: | ████████ | | |
| Name of employer: | ████████████ | | |
| Address of employment: | ████████████ | | |

Work telephone number:    (469) 752-6400

Name: TARIQ FAROOQ

Social Security number:    xxx-xx-x060

Driver's license number    xxx-xx-230    Issuing state:    Texas

Current residence address:    █████████████████████

Mailing address:    Same as Residential Address, Plano, Texas 75023

Home telephone number:    ██████████

Name of employer:    UNKNOWN

Address of employment:    UNKNOWN

Work telephone number:    UNKNOWN

*Required Notices*

    EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 2100 Bloomdale Road, McKinney, Texas 75071. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S

DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)    THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)    IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

*Warnings to Parties*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE

PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party by email to the other party's last known email address, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

Each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

*Permanent Injunctions as to Persons*

The Court found that Father has continuously made disparaging remarks about Mother in front of the child or within the hearing of the child. It is necessary to enjoin the Father from this behavior, as the evidence admitted at trial supported this concern in multiple ways, including, but not limited to the several recordings of the child in the father's possession referring to his Mother in derogatory terms and names.

The following permanent injunction shall be granted against TARIQ FAROOQ as appropriate relief because there is no adequate remedy at law. The permanent injunctions granted below shall be effective immediately and shall be binding on TARIQ FAROOQ; on his agents,

servants, employees, and attorneys; and on those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that TARIQ FAROOQ is permanently enjoined from:

1. Interfering with Mother's ability to exclusively decide on medical, psychological, psychiatric, and educational decisions for the best interest of the minor disabled child;

2. Refusing to execute necessary documents including but not necessary to documentation in order to get the child adequately evaluated at the school or attend individual counseling; and

3. Making disparaging remarks about Mother in front of the child or within the hearing distance of the child.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Final Order Acknowledgment*

Petitioner, TARIQ FAROOQ, and Respondent, AMBREEN SAHAR JAFRI, each acknowledge that before signing this Final Order in Suit to Modify the Parent-Child Relationship they have read this Final Order in Suit to Modify the Parent-Child Relationship fully and completely, have had the opportunity to ask any questions regarding the same, and fully

understand that the contents of this Final Order in Suit to Modify the Parent-Child Relationship constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Order in Suit to Modify the Parent-Child Relationship.

*Clarifying Orders*

Without affecting the finality of this Final Order in Suit to Modify the Parent-Child Relationship, this Court expressly reserves the right to make orders necessary to clarify and enforce this Final Order in Suit to Modify the Parent-Child Relationship.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment in the Suit to Modify the Parent-Child Relationship, for which let execution and all writs and processes necessary to enforce this judgment issue.

*Date of Judgment*

SIGNED on _October 16, 2024_

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

TEXAS MUSLIM WOMEN'S FOUNDATION
P.O. BOX 863388
PLANO, TX 75086
Tel: (469) 467-6241 Ext. 114
Fax: (469) 467-6249

By:_____
  Vanita Aphan-Kirkland
  Attorney for Petitioner
  State Bar No. 24101456
  vanita@tmwf.org

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 35 of 36

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:


_____

Petitioner, Tariq Farooq


_____

Respondent, Ambreen Sahar Jafri

NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. 468-51752-2020

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| TARIQ FAROOQ | § | |
| AND | § | 468TH JUDICIAL DISTRICT |
| AMBREEN SAHAR JAFRI | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| H.A.F., F.A.F. AND M.A.F., CHILD | § | COLLIN COUNTY, TEXAS |

### FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

On June 26 and 27, 2024, the Court heard this case.

*Appearances*

Petitioner, TARIQ FAROOQ, appeared physically in the courtroom and announced ready.

Respondent, AMBREEN SAHAR JAFRI, appeared physically in the courtroom.

Respondent's attorney of record, Vanita Aphan-Kirkland, appeared physically in the courtroom and announced ready.

*Record*

The record of testimony was duly reported by the court reporter for the 468TH Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law.  The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 1 of 36

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was selected, questions of fact were submitted to the jury, and a verdict was returned and duly filed. The jury rendered a verdict of no change in the managing conservatorship.

*Child*

The Court finds that the following child is the subject of this suit:



Name: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (hereinafter referred to as "M.T.F.")
Sex: ▓▓▓▓
Birth date: ▓▓▓▓▓▓
Home state:    Texas

*Findings*

The Court finds that the petition to modify the parent-child relationship filed by Petitioner, Tariq Farooq, should be denied. IT IS ORDERED that all relief requested in the petition to modify by Petitioner is DENIED.

*Parenting Plan*

The Court finds that the provisions in this Order relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parenting plan established by the Court.

*Conservatorship*

The jury rendered a verdict of no change in managing conservatorship.

IT IS ORDERED THEREFORE that TARIQ FAROOQ and AMBREEN SAHAR JAFRI are appointed Joint Managing Conservators of the following child: M.A.F.

IT IS ORDERED that, at all times, AMBREEN SAHAR JAFRI, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.      the right to attend school activities, including school lunches, performances, and field trips;

7.      the right to be designated on the child's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.      the right to manage the estates of the child to the extent the estates have been created by the parent's family or by the parent, other than by the community or joint property of the parent.

IT IS ORDERED that, at all times, TARIQ FAROOQ, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of

**FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP**                    PAGE 3 of 36

the child;

    4.     the right to consult with a physician, dentist, or psychologist of the child;

    5.     the right to consult with school officials concerning the child's welfare and educational status, including school activities;

    6.     the right to attend school activities, including school lunches, performances, and field trips;

    7.     the right to be designated on the child's records as a person to be notified in case of an emergency;

    8.     the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

    9.     the right to manage the estates of the child to the extent the estates have been created by the parent's family or by the parent, other than by the community or joint property of the parent.

IT IS ORDERED that, at all times, TARIQ FAROOQ and AMBREEN SAHAR JAFRI,

as parent joint managing conservators, shall each have the following duties:

    1.     the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

    2.     the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

    3.     the duty to inform the other conservator of the child if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP            PAGE 4 of 36

protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

4.        the duty to inform the other conservator of the child if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

5.        the duty to inform the other conservator of the child if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, AMBREEN SAHAR JAFRI, as parent joint managing conservator, shall have the following rights and duties:

1.        the duty of care, control, protection, and reasonable discipline of the child;

2.        the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.        the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.        the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his periods of possession, TARIQ FAROOQ, as parent joint managing conservator, shall have the following rights and duties:

1.        the duty of care, control, protection, and reasonable discipline of the child;

2.        the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.        the right to consent for the child to medical and dental care not involving an invasive procedure; and

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 5 of 36

4.    the right to direct the moral and religious training of the child.

IT IS ORDERED that AMBREEN SAHAR JAFRI, as a parent joint managing conservator, shall have the following rights and duty:

1.    the exclusive right, after conferring with father in writing, to designate the primary residence of the child within COLLIN and contiguous counties, however father's consent or agreement is *not* required;

2.    the exclusive right, after conferring with father in writing, to consent to medical, dental, and surgical treatment involving invasive procedures, however father's consent or agreement is *not* required;

3.    the exclusive right, after conferring with father in writing, to consent to psychiatric and psychological treatment of the child, however father's consent or agreement is *not* required;

4.    the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.    the exclusive right, after conferring with father in writing, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child, however father's consent or agreement is *not* required;

6.    the right, subject to agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

7.    the exclusive right, after conferring with father in writing, to enroll the child and make decisions concerning the child's education, however father's consent or agreement is *not* required;

8.    except as provided by section 264.0111 of the Texas Family Code, the exclusive right to the services and earnings of the child;

9.    except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right subject to agreement of the other parent conservator, to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government;

10.    the exclusive right, after conferring with father in writing, to apply for passports for the child, to renew the child's passports, and to maintain possession of the child's passports, however father's consent or agreement is *not* required; and

11.    the exclusive duty to manage the estates of the child to the extent the estates have

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 6 of 36

been created by the community or joint property of the parent.

IT IS ORDERED that TARIQ FAROOQ, as a parent joint managing conservator, shall have the following rights and duty:

1.      the right, subject to agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States; and

2.      except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right subject to agreement of the other parent conservator, to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government.

Notwithstanding any provision in this Order to the contrary, IT IS ORDERED that AMBREEN SAHAR JAFRI shall have the exclusive right to enroll the child in school. Each conservator, during that conservator's period of possession, is ORDERED to ensure the child's attendance in the schools in which AMBREEN SAHAR JAFRI has enrolled the child.

IT IS ORDERED that the primary residence of the child shall be within COLLIN and contiguous counties, and the parties shall not remove the child from COLLIN or contiguous counties for the purpose of changing the primary residence of the child until this geographic restriction is modified by further order of the court of continuing jurisdiction or by a written agreement that is signed by the parties and filed with that court.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the child shall be automatically lifted if, at the time AMBREEN SAHAR JAFRI wishes to remove the child from COLLIN or contiguous counties for the purpose of changing the primary residence of the child, TARIQ FAROOQ does not reside in COLLIN or contiguous counties.

Except as expressly provided otherwise in this order, IT IS ORDERED that all

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 7 of 36

information of which a conservator is required to notify the other conservator and all documents and information that a conservator is required to provide to the other conservator shall be sent in the following manner:

    a.    delivery to the recipient via Our Family Wizard or at the recipient's electronic mail address as follows or to such other electronic mail address subsequently designated by the recipient:

| TARIQ FAROOQ | via Our Family Wizard |
|---|---|
| AMBREEN SAHAR JAFRI | via Our Family Wizard |

and in the event of any change in a recipient's electronic mail address, that recipient is ORDERED to notify the other recipient of such change in writing within twenty-four hours after the change or

    b.    providing the document to the recipient by posting the document on the Our Family Wizard co-parenting website, in accordance with the provisions set forth below in this order.

If AMBREEN SAHAR JAFRI renews M.T.F.'s passport, she is ORDERED to notify TARIQ FAROOQ of that fact no later than 20 days after the application has been submitted.

IT IS ORDERED that any bank account in the name of the child, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, shall remain under the sole and exclusive control of AMBREEN SAHAR JAFRI, as she has the exclusive right to manage the estate of the child that was created by the community.

*Possession and Access*

IT IS ORDERED that nothing in this order shall supersede any term of any protective order or condition of bond, probation, or parole.

1.    Custom Possession Order

On June 26 and 27, 2024, both parties and their respective counsel(s) appeared before the jury and this Court; both parties presented evidence and make their respective arguments in their modification final trial.

After listening to the parties, their testimonies, and reviewing all evidence admitted during the final trial, this Court finds that due to the ongoing behaviors of the Father that put the child's emotional welfare and health and physical safety at risk, it is no longer in the child's best interest for the Father to have a Standard Possession Order of the child without necessary injunctions in place and a modification to the schedule. Some examples of Father's concerning behaviors admitted at trial that have caused harm to the child are admitting the minor disabled child to a psychiatric hospital when it was not necessary and placed an exceptional emotional and physical hardship on the minor disabled child, unnecessarily and frequently exposing this child to emergency rooms at the slightest notion that the child could be ill and when the child does not need emergency intervention, and recording the child whenever the child cries or is in emotional distress.

Some other examples are taking the child to do high impact activities when the child has bone density issues, telling multiple sources the child has multiple mental illnesses that have not been adequately diagnosed - even when medical and school records admitted at trial clearly indicate otherwise; and behaving in a way so concerning for the safety and welfare of his son, that both his adult daughters testified at trial of their concerns with the Father's care of the child. Without necessary supervision in place, the Court must implement supervision to prevent the minor disabled child being put into situations with Father that are not in the child's best interest and that are an abuse of our

community resources that are needed for many others out there with medical emergencies, legal/court intervention, or mental health crises and emergencies.

For the physical and emotional safety and welfare of the child and for the best interest, the Father shall have a stair-step possession and access order.

### Step One

a. For the first 180 days, Father shall have supervised possession and access to M.T.F.

b. Father's periods of access and possession shall be, at all times, continually and professionally supervised within the hearing range of the supervisor(s).

c. Father shall be solely responsible for all cost associated with the supervised visits between M.T.F. and himself.

d. All supervised visits shall be conducted in English.

e. The supervised visits shall be completed by either an Access and Visitation Center or private agency within Collin County that has experience supervising Court Ordered visitation between parents and children.

f. Father shall execute a release for Mother to have direct access from the supervisor, the notes from each visit.

g. Father shall have possession and access to M.T.F. every Saturday and Sunday of the 1st, 3rd, and 5th weekends of the month (based on the 1st Friday of the month-still following the OAG calendar) from 10 am to 3 pm (or however long can be accommodated those days).

h. Father shall exercise a minimum of seventy-five percent (75%) of his possession periods (a period is a Saturday and Sunday) supervised in order to proceed to Step Two.

### Step Two

a. For following 180 days, Father shall have unsupervised possession a access to M.T.F., as long as Father demonstrates that seventy-five percent (75%) of the previous visits were exercised with a supervisor.

b. In addition, as long as Father can demonstrate there were no noted concerns addressed or brought forward by the supervisor (i.e. recording the child when he's upset, disparaging the mother, etc.).

c. Father shall have possession and access to M.T.F. every Saturday and Sunday of the 1st, 3rd, and 5th weekends of the month (based on the 1st Friday of the month-still following the OAG calendar) from 10 am to 3 pm.

d. After Father has completed the 180 days under step 2 with no issues, then Father shall proceed to Step 3, a non-expanded standard possession order of

### Step Three

IT IS ORDERED that each conservator shall comply with all terms and conditions of this non-expanded Standard Possession Order. IT IS ORDERED that once Father has successfully completed Step Two above, this non-expanded Standard Possession Order shall apply to all periods of possession occurring between the parties and the child. IT IS, THEREFORE, ORDERED:

*Non-Expanded Access and Possession Order*

(a) Definitions

1. In this Non-expanded Standard Possession Order, "school" means the elementary or secondary school in which the child is enrolled or, if the child is not enrolled in an elementary or secondary school, the public school district in which the child primarily resides.

2.   In this Non-expanded Standard Possession Order, "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated. (b) Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Non-expanded Standard Possession Order.

(c)    When Parents Reside Fifty Miles or Less Apart

1.  Possessory Conservator

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, when the Possessory Conservator resides fifty miles or less from the primary residence of the child, the Possessory Conservator shall have the right to possession of the child as follows:

1. Weekends —

On weekends that occur during the regular school term, beginning at 6:00 P.M. on on the first, third, and fifth Friday of each month and ending at 6:00 P.M. on the following Sunday.

On weekends that do not occur during the regular school term, beginning at 6:00 P.M. on the first, third, and fifth Friday of each month and ending at 6:00 P.M. on the following Sunday.

2. Weekend Possession Extended by a Holiday—

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, if a weekend period of possession by Possessory Conservator begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at 6:00 p.m. on Friday and end at 6:00 p.m. on the following Sunday.

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, if a weekend period of possession by Possessory Conservator ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. that preceding Sunday.

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 12 of 36

3. Thursdays –

Father shall have access and possession to the child on Thursday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m. that same day.

4. Spring Vacation in Even-Numbered Years —

In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5. Extended Summer Possession by Possessory Conservator—
With Written Notice by April 1—If Father gives Mother written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Father shall have possession of the child for thirty days beginning no earlier than 6:00 p.m. of the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1—If Father does not give Mother written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Father shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for Father, it is expressly ORDERED that Mother shall have a superior right of possession of the child as follows:

1.  Spring Vacation in Odd-Numbered Years—

In odd-numbered years, beginning when the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2.  Summer Weekend Possession by Mother —

If Mother gives Father written notice by April 15 of a year, Mother shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Possessory Conservator in that year, provided that Mother picks up the child from Father and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession. Not later than the fifteenth day before the Friday that begins the designated weekend, Father must give Mother

written notice of the location, which shall be within Collin County at which Mother is to pick up and return the child.

    3.  Extended Summer Possession by Mother —

If Mother gives Father written notice by April 15 of a year or gives Father fourteen days' written notice on or after April 16 of a year, Mother may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Father shall not take place in that year, provided that the weekend so designated does not interfere with Father's period or periods of extended summer possession or with Father's Day possession.

Notwithstanding the weekend and Thursday periods of possession of Father, Mother and Father shall have the right to possession of the child as follows:

1. Christmas Holidays in Even-Numbered Years—In even-numbered years, Father shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Mother shall have the right to possession of the child beginning at noon on December 28 and ending when school resumes after that Christmas school vacation.

2. Christmas Holidays in Odd-Numbered Years—In odd-numbered years, Mother shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and Father shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3. Thanksgiving in Odd-Numbered Years—In odd-numbered years, Father shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4. Thanksgiving in Even-Numbered Years—In even-numbered years, Mother shall have the right to possession of the child beginning at the time the child is dismissed from school before Thanksgiving and ending when school resumes after Thanksgiving.

5. Child's Birthday—If a conservator is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child on the child's birthday, that conservator shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that conservator picks up the child from the other conservator's residence and returns the child to that same place.

6. Father's Day—Father shall have the right to possession of the child

each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Father is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child, he shall pick up the child from the other Mother's residence and return the child to that same place.

7. Mother's Day—Mother shall have the right to possession of the child each year, beginning at the time the child's school is regularly dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if Mother is not otherwise entitled under this Non-expanded Standard Possession Order to present possession of the child, she shall pick up the child from the other conservator's residence and return the child to that same place.

*Undesignated Periods of Possession*

(d) Undesignated Periods of Possession

Mother shall have the right of possession of the child at all other times not specifically designated in this Non-expanded Standard Possession Order for Possessory Conservator.

*General Terms and Conditions*

(e) General Terms and Conditions

Except as otherwise expressly provided in this Non-expanded Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.    Surrender of Child by Mother—Mother is ORDERED to surrender the child to Father at the beginning of each period of Father's possession at the school in which the child is enrolled.

If the child is not physically attending school, Father shall pick up the child at the school in which the child is enrolled, and Mother is ORDERED to surrender the child to Father at the school in which the child is enrolled under these circumstances.

2.    Surrender of Child by Father—Father is ORDERED to surrender the child to Mother at the school in which the child is enrolled at the end of each period of possession.

3.    Surrender of Child by Father—Father is ORDERED to surrender the child to Mother, if the child is in Father's possession or subject to Father's control, at the beginning of each period of Mother's exclusive periods of possession, at the school in

which the child is enrolled.

4.    Return of Child by Mother—Mother is ORDERED to return the child to Father, if Father is entitled to possession of the child, at the end of each of Mother's exclusive periods of possession, at the school in which the child is enrolled.

5.    Personal Effects—Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.    Designation of Competent Adult—Each conservator may designate any competent adult who does not possess a criminal record or otherwise legally restricted from having access to their children/other children to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.    Inability to Exercise Possession—Each conservator is ORDERED to give at least 48 hours notice or as soon as it become apparent the person in possession of the child will be unable to exercise that conservator's right of possession for any specified period.

8.    Written Notice—Written notice, including notice provided by electronic mail or Our Family Wizard or as otherwise authorized in this Order, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due. Each conservator is ORDERED to notify the other conservator of any change in the conservator's electronic mail address or failure to renew their Our Family Wizard subscription within twenty-four hours after the change or lapse of said subscription.

This conclude the Non-expanded Standard Possession Order.

*Provisions for Muslim Religious Holidays*

In addition to all other provisions for possession provided in this Order, IT IS

ORDERED that a superior right of possession for the child for Muslim religious holidays

shall be as follows:

1.    Eid al-Fitr in Even-Numbered Years - TARIQ FAROOQ shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the 29 day of Ramadan and ending on the day of Eid al-Fitr at 6:00 p.m.

2.    Eid al-Fitr in Odd-Numbered Years -AMBREEN SAHAR JAFRI shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the last day of Ramadan and ending at 6:00 p.m. on the following day.

3.      Eid al-Adha in Even-Numbered Years - AMBREEN SAHAR JAFRI shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day before Eid al-Adha begins and ending at 6:00 p.m. on the second day of Eid al-Adha.

4.      Eid al-Adha in Odd-Numbered Years -TARIQ FAROOQ shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the day before Eid al-Adha begins and ending at 6:00 p.m. on the second day of Eid al-Adha.

5.      Duration

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

6.      Noninterference with Possession

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the child during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

7.      Co-parenting Website Program

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall, each maintain their current subscriptions with the co-parenting website, Our Family Wizard (hereinafter referred to as "OFW") at their sole expense.

IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall maintain that subscription in full force and effect for as long as any child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that AM BREEN SAHAR JAFRI and TARIQ FAROOQ shall each communicate through the Our Family Wizard program with regard to all communication regarding the child, except in the case of emergency or other urgent matters.

IT IS ORDERED that AMBREEN S.A.HAR JAFRI and TARIQ FAROOQ each shall timely post all significant information concerning the health, education, and welfare of the child, including but not limited to the child's medical appointments, the child's schedules and activities, and request for reimbursement of uninsured health-care expenses, on the Our Family Wizard website. However, IT IS ORDERED that neither party shall have any obligation to post on that website any information to which the other party already has access through other means, such as information available on the websites of the child's school(s).

IT IS FURTHER ORDERED that AMBREEN S.A.HAR JAFRI and TARIQ FAROOQ shall each timely post on the Our Family Wizard website a copy of any substantial e-mail received by the party from the child's school(s) or any health-care provider of the child, in the event that e-mail was not also forwarded by the schools or health-care provider to the other party.

For purposes of this section of this order, "timely" means "on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity."

By *agreement*, the parties may communicate in any manner other than using the Our Family Wizard program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the Our Family Wizard program.

8.    Termination of Orders

The provisions of this Order relating to conservatorship, possession, or access terminate on the remarriage of TARIQ FAROOQ to AMBREEN SAHAR JAFRI unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

9.    International Travel

If the parties intends to travel internationally with the child, they must obtain by written agreement, consent from the other parent, or consent by Court order.

*Child Support*

While Mother's pleadings did not indicate a request for increased child support, despite Father's income increasing from the time of trial to his most recent income brought forward at trial. Additionally, Father provided evidence that he is capable of being employed, has the ability to make well over $100,000 per year, as well as has other income-producing business ventures (i.e. writing and selling books online, etc.) and sought a modification of child support in his own pleadings. However, at this time, the Court orders that his child support obligation remains the same as previously ordered, as well as his monthly cash medical reimbursement obligation. The child has already been found to be a minor disabled child in the prior order, as the child has several disabilities and conditions that render him incapable of ever caring for himself in the future, and Father has been ordered to provide financial support to the Mother for the benefit of the care of the child for the life of the child.

Minor Disabled Child

The Court FINDS that ███████████████████████████, a child of this marriage, requires substantial care and personal supervision because of a mental or physical

**FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP**                    **PAGE 18 of 36**

disability and will not be capable of self-support; and the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child. IT IS ORDERED that TARIQ FAROOQ provide financial support for the life of the child, ███████████████████ ████████████████, to be paid to AMBREEN SAHAR JAFRI.

IT IS THEREFORE ORDERED that TARIQ FAROOQ is obligated to pay and shall pay to AMBREEN SAHAR JAFRI child support of EIGHT HUNDRED FORTY-SEVEN DOLLARS AND SEVENTEEN CENTS (847.17) per month, with the first payment being due and payable on October 1, 2024, and a like payment being due and payable on the 1st day of each month thereafter until further orders of this court.

The Court finds that even though Mother's pleadings did not indicate a request for increased child support, Father's income has increased from the time of trial to his most recent income brought forward at trial. Additionally, Father provided evidence that he is capable of being employed, has the ability to make well over $100,000 per year, as well as has other income-producing business ventures (i.e. writing and selling books online, etc.).

Withholding from Earnings

IT IS ORDERED that any employer of TARIQ FAROOQ shall be ordered to withhold the child support payments ordered in this Order from the disposable earnings of TARIQ FAROOQ for the support of M.A.F.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of TARIQ FAROOQ by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this Final Order in Suit to Modify the Parent-Child Relationship through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 19 of 36

100 percent of the amount ordered to be paid by this Final Order in Suit to Modify the Parent-Child Relationship, the balance due remains an obligation of TARIQ FAROOQ, and it is hereby ORDERED that TARIQ FAROOQ pay the balance due directly as specified below.

On this date the Court signed an Income Withholding for Support.

Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to AMBREEN SAHAR JAFRI for the support of the child.  IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, TARIQ FAROOQ's name as the name of the noncustodial parent (NCP), and AMBREEN SAHAR JAFRI's name as the name of the custodial parent (CP).  Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

Change of Employment

IT IS FURTHER ORDERED that TARIQ FAROOQ shall notify this Court and AMBREEN SAHAR JAFRI by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment.  This notice shall be given no later than seven days after the change of address or the termination of employment.  This notice or a subsequent notice shall also provide the current address of TARIQ FAROOQ and the name and address of his current employer, whenever that information becomes available.

Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, AMBREEN SAHAR JAFRI, TARIQ FAROOQ, or an attorney representing AMBREEN SAHAR JAFRI or TARIQ FAROOQ, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

*Medical and Dental Support*

1.     IT IS ORDERED that TARIQ FAROOQ and AMBREEN SAHAR JAFRI shall each provide additional child support for each child as set out in this order for as long as the Court may order TARIQ FAROOQ and AMBREEN SAHAR JAFRI to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day TARIQ FAROOQ and AMBREEN SAHAR JAFRI's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that TARIQ FAROOQ and AMBREEN SAHAR JAFRI are discharged from these obligations with respect to that child, except for any failure by a parent to fully comply with these obligations before that date. IT IS FURTHER ORDERED that the cash medical support payments for costs of health and dental insurance ordered below are payable through the state disbursement unit or as directed below and subject to the provisions for withholding from earnings provided above for other child support payments.

2.     Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 21 of 36

private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all child for which TARIQ FAROOQ is responsible under a medical support order that does not exceed 9 percent of TARIQ FAROOQ's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Dental insurance" means insurance coverage that provides preventive dental care and other dental services, including usual dentist services, office visits, examinations, X-rays, and emergency services, that may be provided through a single service health maintenance organization or other private or public organization.

"Reasonable cost" of dental insurance means the total cost of dental insurance coverage for all child for which TARIQ FAROOQ is responsible under a medical support order that does not exceed 1.5 percent of TARIQ FAROOQ's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Health-care expenses" include, without limitation, medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges but do not include expenses for travel to and from the provider or for nonprescription medication.

"Health-care expenses that are not reimbursed by insurance" ("unreimbursed expenses") include related copayments and deductibles.

3.      Findings on Availability of Health Insurance - Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

No parent has access to private health insurance at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in

the best interest of the child.

4.     Provision of Health-Care Coverage -

AMBREEN SAHAR JAFRI is ORDERED to maintain coverage under a governmental medical assistance program or health plan for each child as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums.  AMBREEN SAHAR JAFRI is ORDERED-

a.     to provide to each conservator of the child and the Office of the Attorney General Child Support Division the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

i.     AMBREEN SAHAR JAFRI's Social Security number;

ii.     proof that coverage under a governmental medical assistance program or health plan has been provided for the child;

iii.     the following documents, to the extent they are applicable for the coverage provided for the child:

(a)     the name of the health insurance carrier;

(b)     the number of the policy;

(c)     a copy of the policy;

(d)     a schedule of benefits;

(e)     a health insurance membership card or Child's Medicaid card;

(f)     claim forms, and

(g)     any other information necessary to submit a claim;

b.     to provide to each conservator of the child and the Office of the Attorney General Child Support Division a copy of any renewals or changes to the coverage

provided for a child and any additional information regarding that coverage of the child not later than the fifteenth day after AMBREEN SAHAR JAFRI receives or is provided with the renewal, change, or additional information;

c.   to notify each conservator of the child and the Office of the Attorney General Child Support Division of any termination or lapse of coverage provided for a child no later than the fifteenth day after the date of the termination or lapse;

d.   after termination or lapse of coverage provided for the child, to notify each conservator of the child and the Office of the Attorney General Child Support Division of the availability to AMBREEN SAHAR JAFRI of additional health insurance for the child or coverage under a governmental medical assistance program or health plan not later than the fifteenth day after the date the additional health insurance or coverage becomes available; and

e.   after termination or lapse of the coverage provided for the child, to enroll the child in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code if the child are eligible for enrollment in the program.

Pursuant to section 154.182(b)(3) of the Texas Family Code, TARIQ FAROOQ is ORDERED to pay AMBREEN SAHAR JAFRI cash medical support, as additional child support, of twenty-five ($25.00) per month, with the first installment being due and payable on October 1, 2024, and a like installment being due and payable on or before the 1st day of each month until the termination or modification of current child support for M.A.F.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized above in this Final Order in Suit to Modify the Parent-Child Relationship shall include the

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 24 of 36

payments for cash medical support ordered herein.

IT IS FURTHER ORDERED that all payments of cash medical support shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791.  IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, TARIQ FAROOQ's name as the name of the noncustodial parent (NCP), and AMBREEN SAHAR JAFRI's name as the name of the custodial parent (CP).  Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of TARIQ FAROOQ and shall not terminate on his death.

TARIQ FAROOQ is allowed to discontinue payment of cash medical support, for the time TARIQ FAROOQ is providing coverage, if-

  a. health insurance for the child becomes available to TARIQ FAROOQ at a reasonable cost;

  b. TARIQ FAROOQ enrolls the child in the insurance plan; and

  c. TARIQ FAROOQ provides AMBREEN SAHAR JAFRI and the title IV-D agency the information required under section 154.185 of the Texas Family Code.

5. Findings on Availability of Dental Insurance – Having considered the cost, accessibility, and quality of dental insurance coverage available to the parties, the Court finds:

No parent has access to dental insurance at a reasonable cost.

6. Allocation of Unreimbursed Expenses -

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: AMBREEN SAHAR JAFRI is ORDERED to pay 0 percent and TARIQ FAROOQ is ORDERED to pay 100 percent of the unreimbursed health-care expenses that exceed the amount of cash medical support paid by TARIQ FAROOQ.

The conservator who incurs a health-care expense on behalf of a child is ORDERED to provide to the other conservator receipts, bills, statements, or explanations of benefits showing the uninsured portion of the health-care expenses within thirty days after the incurring conservator receives them. The nonincurring conservator is ORDERED to pay the non-incurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within thirty days after the nonincurring conservator receives receipts, bills, statements, or explanations of benefits showing the unreimbursed portion of the health-care expense.

For the Court to hold the nonincurring conservator in civil or criminal contempt for failing to pay the nonincurring conservator's percentage of the unreimbursed portion of a health-care expense, the incurring conservator must prove beyond a reasonable doubt that the nonincurring conservator personally received receipts, bills, statements, or explanations of benefits reflecting the unreimbursed portion of the health-care expense no later than thirty days after the incurring conservator received them. Even if the incurring conservator fails to meet that burden of proof, the Court may award the incurring conservator a judgment in the nature of child support against the nonincurring conservator in the amount of the unreimbursed portion of the

heath-care expense the nonincurring conservator was ordered but fail to pay.

7.      WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE OR DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS, DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

8.      Miscellaneous Health Care Provisions -

Each parent will deliver the medications of the child to the other parent at the beginning of the other parent's parenting time, unless the medications have been divided by the pharmacist into two containers that provide appropriate dosages and administrations to cover the time with each parent or unless two prescriptions can be obtained.

*Miscellaneous Child Support Provisions*

Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this Final Order in Suit to Modify the Parent-Child Relationship shall be an obligation of the estate of TARIQ FAROOQ and shall not terminate on the death of TARIQ FAROOQ. IT IS ORDERED that payment received by AMBREEN SAHAR JAFRI for the benefit of the child due to the death of TARIQ FAROOQ, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any

remaining balance of the child support is an obligation of TARIQ FAROOQ's estate.

<u>Termination of Orders on Remarriage of Parties but Not on Death of Obligee</u>

The provisions of this Final Order in Suit to Modify the Parent-Child Relationship relating to current child support terminate on the remarriage of TARIQ FAROOQ to AMBREEN SAHAR JAFRI unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this Final Order in Suit to Modify the Parent-Child Relationship does not terminate on the death of AMBREEN SAHAR JAFRI but continues as an obligation to M.A.F.

*Co-parenting Web Site Program*

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ shall each maintain an active subscription with Our Family Wizard. Each party shall be responsible solely for his and her subscription cost. IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall maintain that subscription in full force and effect for as long as any child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ shall each communicate through the Our Family Wizard program with regard to all communication regarding the child, except in the case of emergency or other urgent matter.

IT IS ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ each shall timely post all significant information concerning the health, education, and welfare of the child, including but not limited to the children's medical appointments, the children's schedules and activities, and request for reimbursement of uninsured health-care expenses, on the Our Family Wizard website. However, IT IS ORDERED that neither party shall have any obligation to post on that website any information to which the other party already has access

through other means, such as information available on the websites of the child's school(s).

IT IS FURTHER ORDERED that AMBREEN SAHAR JAFRI and TARIQ FAROOQ shall each timely post on the Our Family Wizard website a copy of any substantial email received by the party from the child's schools or any health-care provider of the child, in the event that email was not also forwarded by the schools or health-care provider to the other party.

For purposes of this section of this order, "timely" means on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity.

By agreement, the parties may communicate in any manner other than using the Our Family Wizard program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the Our Family Wizard program.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: AMBREEN SAHAR JAFRI

| | |
|---|---|
| Social Security number: | xxx/xx/x856 |
| Driver's license number: | xxx-xx-060    Issuing state:    Texas |
| Current residence address: | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| | 75023 |
| Mailing address: | Same as Residential Address |
| Home telephone number: | ▮▮▮▮▮▮ |
| Name of employer: | ▮▮▮▮▮▮ |
| Address of employment: | ▮▮▮▮▮▮ |

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                    PAGE 29 of 36

Work telephone number:     (469) 752-6400

Name: TARIQ FAROOQ

Social Security number:     xxx-xx-x060

Driver's license number     xxx-xx-230          Issuing state:     Texas

Current residence address:     ████████████████████████

Mailing address:     Same as Residential Address, Plano, Texas 75023

Home telephone number:     ████████████

Name of employer:     UNKNOWN

Address of employment:     UNKNOWN

Work telephone number:     UNKNOWN

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER.  THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE.  IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 2100 Bloomdale Road, McKinney, Texas 75071. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S

DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY.  ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)    THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)    IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

*Warnings to Parties*

WARNINGS TO PARTIES:  FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT.  A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE

PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party by email to the other party's last known email address, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

Each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

*Permanent Injunctions as to Persons*

The Court found that Father has continuously made disparaging remarks about Mother in front of the child or within the hearing of the child. It is necessary to enjoin the Father from this behavior, as the evidence admitted at trial supported this concern in multiple ways, including, but not limited to the several recordings of the child in the father's possession referring to his Mother in derogatory terms and names.

The following permanent injunction shall be granted against TARIQ FAROOQ as appropriate relief because there is no adequate remedy at law. The permanent injunctions granted below shall be effective immediately and shall be binding on TARIQ FAROOQ; on his agents,

servants, employees, and attorneys; and on those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that TARIQ FAROOQ is permanently enjoined from:

1. Interfering with Mother's ability to exclusively decide on medical, psychological, psychiatric, and educational decisions for the best interest of the minor disabled child;

2. Refusing to execute necessary documents including but not necessary to documentation in order to get the child adequately evaluated at the school or attend individual counseling; and

3. Making disparaging remarks about Mother in front of the child or within the hearing distance of the child.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Final Order Acknowledgment*

Petitioner, TARIQ FAROOQ, and Respondent, AMBREEN SAHAR JAFRI, each acknowledge that before signing this Final Order in Suit to Modify the Parent-Child Relationship they have read this Final Order in Suit to Modify the Parent-Child Relationship fully and completely, have had the opportunity to ask any questions regarding the same, and fully

understand that the contents of this Final Order in Suit to Modify the Parent-Child Relationship constitute a full and complete resolution of this case.  Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Order in Suit to Modify the Parent-Child Relationship.

*Clarifying Orders*

Without affecting the finality of this Final Order in Suit to Modify the Parent-Child Relationship, this Court expressly reserves the right to make orders necessary to clarify and enforce this Final Order in Suit to Modify the Parent-Child Relationship.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied.  This is a final judgment in the Suit to Modify the Parent-Child Relationship, for which let execution and all writs and processes necessary to enforce this judgment issue.

*Date of Judgment*

SIGNED on October 16, 2024

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

TEXAS MUSLIM WOMEN'S FOUNDATION
P.O.  BOX 863388
PLANO, TX 75086
Tel: (469) 467-6241 Ext. 114
Fax: (469) 467-6249

By:_____
    Vanita Aphan-Kirkland
    Attorney for Petitioner
    State Bar No. 24101456
    vanita@tmwf.org

FINAL ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP                PAGE 35 of 36

**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:**

_____

Petitioner, Tariq Farooq

_____

Respondent, Ambreen Sahar Jafri

CAUSE NO.: 468-51752-2020

IN THE INTEREST OF MT.A.F.    IN THE DISTRICT COURT

468TH JUDICIAL DISTRICT

COLLIN COUNTY, TEXAS

### ORDER OF RECUSAL

On this the 16th day of October, 2024, I respectfully recuse myself from hearing the above styled and numbered cause. Please assign another judge to hear this matter. The case is referred to Judge Ray Wheless, First Administrative Judicial Region.

Signed this the 16th day of October, 2024.

_____
LINDSEY WYNNE
Judge Presiding