# Exhibit M

## Plaintiff's Notice of Appeal and Timely Requests for FFCL

(Establishes Current Pending Appellate Proceedings)

NO. <u>468-51752-2020</u>

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| AMBREEN SAHAR JAFRI<br>AND<br>TARIQ FAROOQ | § § § § | 468 JUDICIAL DISTRICT |
| AND IN THE INTEREST OF<br>H.A.F., F.A.F., AND MT.A.F.,<br>CHILDREN | § § § § | COLLIN COUNTY, TEXAS |

## <u>NOTICE OF APPEAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Tariq Farooq**, Petitioner in the above-styled and numbered cause, and pursuant to Rule 25.1 of the Texas Rules of Appellate Procedure, files this Notice of Appeal to the **Fifth District Court of Appeals**, Dallas, Texas, from the final judgment and all orders signed by the Honorable **Judge Lindsey Wynne**, on **October 16, 2024**, in the above-referenced case.

1. The trial court, cause number, and style of this case are shown in the caption above.

2. This Notice of Appeal is filed by Petitioner, TARIQ FAROOQ, Appellant/Petitioner, a party to this proceeding who seeks to alter the Ruling on "Petitioner's Motion to Modify Parent Child Relationship" by the 468th District Court of Collin County, TX in the above mentioned matter.

3. Petitioner's Motion to Modify Parent Child Relationship was filed on December 07, 2023.

4. The Honorable Judge Lindsey Wynne signed the "Final Order of the Referral on Motion to Recuse" on October 16, 2024.

5. Petitioner TARIQ FAROOQ desires to appeal all portions of the Final Order Ruling and all

other Rulings and Orders from all of the pre-trial motions and judgments in this matter.

6. This notice of appeal is being filed timely by TARIQ FAROOQ.

7. The appeal is taken from the Final Order in a Suit to Modify the Parent-Child Relationship, which was signed and entered on October 16, 2024. Petitioner hereby appeals the trial court's judgment based on grounds including but not limited to:

a. **Violations of the Americans with Disabilities Act (ADA)**: The trial court failed to accommodate Petitioner's documented disability, including tinnitus and hearing loss, which resulted in significant prejudice and the inability to effectively participate in the trial proceedings.

b. **Judicial Bias**: The trial court exhibited clear bias by improperly allowing evidence introduced by the Respondent while blocking key evidence and witnesses presented by the Petitioner, grossly prejudicing the Petitioner's case. Additionally, the trial court exhibited clear favoritism to opposing party by ruling against all of Tariq Farooq's pre-trial motions.

c. **Denial of Due Process**: The cumulative effect of the trial court's rulings deprived Respondent of a fair trial, as the court ruled against Respondent in every single instance (100 out of 100 pleadings), demonstrating judicial bias, judicial misconduct and a complete and utter disregard for impartiality.

Dated this 22th day of October, 2024.

Respectfully submitted,

TARIQ FAROOQ

brainsurface@yahoo.com
(Respondent - No. 468-51752-2020)
3500 S. Echo Trl Plano TX 75023
214-498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on October 22, 2024.

To Ambreen Sahar Jafri and her attorney on record Vanita Aphan-Kirkland via Electronic Transmission at ajafri@ymail.com, ambreensj@gmail.com and vanita@tmwf.org. through Electronic Filing Manager

By:

TARIQ FAROOQ

brainsurface@yahoo.com

tariq.farooq@brainsurface.com

# Exhibit A

NO. 468-51752-2020

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| AMBREEN SAHAR JAFRI<br>AND<br>TARIQ FAROOQ | § § § § | 468th JUDICIAL DISTRICT |
| AND IN THE INTEREST OF<br>H.A.F., F.A.F. AND M-T.A.F.,<br>CHILDREN | § § § § | COLLIN COUNTY, TEXAS |

### REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Tariq Farooq**, Petitioner in the above-styled and numbered cause, and pursuant to Rule 296 of the Texas Rules of Civil Procedure, respectfully requests that the Court file its Findings of Fact and Conclusions of Law in support of the **Final Order in Suit to Modify the Parent-Child Relationship**, signed on **October 16, 2024**.

Petitioner requests that the Court state in writing its findings and conclusions regarding the following matters that were litigated during the trial, including but not limited to:

*1. Findings of Fact Related to ADA Violations including but not limited:*

a.  Petitioner requests specific findings on how the Court addressed his documented disability, particularly **tinnitus and hearing loss**, and the denial of his repeated requests for accommodations, including extra time and other modifications required under the **Americans with Disabilities Act (ADA)**.

b. Petitioner requests the Court's findings on why such accommodations were repeatedly denied in pre-trial motions and how the Court ensured that the pre-trial motions and the final trial were conducted in a manner compliant with ADA standards.

## 2. Judicial Bias and Improper Evidentiary Rulings including but not limited:

a. Petitioner requests findings regarding the Court's rulings on evidence, including but not limited to:

   i. The Court's reasoning for admitting evidence introduced by the Respondent that was repeatedly challenged as improper or irrelevant and pre-dated years prior to the filing of the current suit.

   ii. The Court's reasoning for excluding key evidence and witnesses introduced by Petitioner, which Petitioner contends were crucial to his case.

b. Petitioner requests findings regarding allegations of **judicial bias**, including whether any pattern of decisions throughout the case favored Respondent and prejudiced Petitioner's ability to present his case.

c. Judge Wynne crying in front of the jury when the respondent and the parties daughters were testifying adversely against the petitioner thereby prejudicing the jury and clearly displaying bias and partiality against petitioner.

d. Judge Wynne taking no action against the Respondent when it was clearly proven that she committed aggravated perjury on multiple counts on various material matters during the final jury trial thereby enabling fraud upon the court.

e. Judge Wynne yelling at petitioner in pre-trial motions and acting in a hostile manner towards him in front of the jury for no good legal reason.

f.  Judge Wynne making threatening faces towards the petitioner when he was engaged in normal cross-examination of the respondent thereby prejudicing the jury against the petitioner.

### 3. Granting of Pre-Trial Motions from Respondent including but not limited:

a.  Petitioner requests findings on the granting of respondent's pre-trial motions despite petitioner's valid objections:

  i.  Respondent's Motion to Compel Discovery against Petitioner.

### 4. Denial of All Pre-Trial Motions including but not limited:

a.  Petitioner requests findings on the denial of all of his pre-trial motions, which effectively resulted in serious irreparable harm the special needs child M.T.A.F. and the petitioner, while blocking critical and relevant witnesses and evidence favorable to the Petitioner from being presented, including:

  i.  **Denial of Emergency Temporary Orders**, which would have provided temporary relief to Petitioner when clear and convincing evidence was admitted by the petitioner favorable to him, while the case was pending.

  ii.  **Granting of Plano ISD's Motion to Quash Plano ISD's witnesses**, which prevented relevant/critical witnesses favorable to Petitioner from testifying.

b.  Denial of the following pre-trial motions filed by Petitioner:

  i.  **Motion to Compel Discovery and for Sanctions**, which sought to compel discovery responses from Respondent and impose sanctions for discovery abuses.

  ii.  **Motion to Seal the Record**, which aimed to protect sensitive information in the case.

iii.  **Motion for Extra 5 Hours** to accommodate Petitioner's tinnitus and hearing loss during trial as an ADA accommodation.

iv.  **First Motion for Continuance**, based on the unavailability of critical witnesses to testify in favor of Petitioner.

v.  **Motion for Further Temporary Orders**, seeking additional temporary relief during the pendency of the case.

### 5. Delay in Ruling and Signing the Final Order Regarding Supervised Visitation including but not limited:

a.  Petitioner requests findings regarding the nearly **two-month delay** between the final day of the jury trial on **June 26, 2024**, and the Court's decision to place Petitioner on **supervised visitation in the future** for his special needs child, **M.T.A.F.**, on **October 16, 2024**.

b.  Supervised visitation is a **drastic measure** typically imposed to prevent immediate potential harm to a child. Petitioner seeks findings as to why, if such a serious measure was deemed necessary for the protection of the parties special needs child M.T.A.F. and why the Court waited so long to make this ruling.

c.  Additionally, Petitioner requests findings regarding the **further delay** of nearly two months between the Court's decision to place Petitioner on supervised visitation in its memorandum ruling and the **signing of the final order**, which occurred only after **October 16, 2024**, *thereby delaying putting the petitioner on supervised visitation in the future by almost four months.*

d.  Petitioner seeks clarification on how the Court balanced the urgency of protecting M.T.A.F. through supervised visitation against the significant delay in issuing this ruling and signing the order.

e. Petitioner further requests conclusions on whether these delays, particularly in a case involving a child's welfare, resulted in a violation of Petitioner's **due process rights** and whether they negatively impacted the child's best interests during the interim period of almost four months from June 26, 2024 to October 16, 2024.

## 6. *Referral and Denial of Motion to Recuse Judge Lindsey Wynne including but not limited:*

a. Petitioner requests findings regarding the referral of his **Motion to Recuse Judge Lindsey Wynne** to the **First Administrative Judicial Region**, which was ultimately denied despite Petitioner's verified motion along with a notarized affidavit with clear facts of a repeated pattern of bias and prejudice by Judge Wynne against the petitioner. Petitioner contends that this referral and denial was arbitrary and will form part of his appeal.

## 7. *Financial Determinations and Employment-Related Findings including but not limited:*

a. Petitioner requests findings on the determination that he had the ability to secure a $100,000 job, despite evidence presented to the contrary, including his unemployment status, him living on welfare, his financial hardship, his significant debts, and his attempts to apply for over 600 jobs.

b. Petitioner seeks findings on the weight the Court gave to the evidence of his pending lawsuit for whistleblower retaliation against his former employer and its relevance to his financial situation and ability to meet any financial obligations imposed by the order.

*8. Abrupt circumvention of the Motion to Enter proceedings set by the court itself after a Motion to Disqualify Judge Wynne was filed by the Petitioner:*

    a. Petitioner requests findings regarding the Court's handling of the **Motion to Enter**:

        i. The Court originally scheduled a oral hearing on the motion to enter for October 10, 2024 without a formal motion being filed by either party, but then later arbitrarily changed the hearing to be decided by submission, without any request from the parties to do so.

        ii. Petitioner seeks findings on the rationale for this change, especially when no formal motion to enter had been submitted by any party at the time of granting this hearing.

        iii. Additionally, Petitioner requests findings on why Judge Wynne ultimately hurriedly and abruptly bypassed her own submission deadlines, failing to hear the motion to enter in a timely manner and advancing resolution *after* petitioner had filed a Motion to Disqualify Judge Wynne.

        iv. Petitioner requests conclusions on how these procedural irregularities affected his right to a fair hearing and contributed to the overall delays in the case.

*9. Failure to Rule on Post-Trial Motions including but not limited to:*

    a. Petitioner requests findings regarding Judge Wynne's failure to rule on the following post-trial motions filed by Petitioner including but not limited to:

        i. **Motion to Modify, Correct, or Reform the Judgment in the light of the ADA violations and judicial bias, ;**

        ii. **Motion to Dismiss for Want of Prosecution in the light of the court granting a Motion to Enter hearing despite no party filing an actual Motion to Enter**

within 45 days of the court's memorandum ruling in clear violation of the court's local rules;

iii. **Motion to Strike the Court Reporter's Frivolous Contest and Objections** to Petitioner's Affidavit of Inability to Pay Court Costs (Petitioner's Approved Indigency and him living on welfare) and for Sanctions thereby delaying and denying him access to the court reporter transcripts for appeal.

**10. Respondent's Aggravated Perjury and Fraud Upon the Court including but not limited to:**

a. Petitioner requests findings regarding the Respondent's commission of **proven aggravated perjury** on multiple counts of material matters during the final jury trial, which constitutes **fraud upon the court**. Petitioner seeks the Court's findings as to how this perjury was addressed and what actions, if any, were taken in response to this fraud that may have affected the outcome of the trial.

**11. Parent-Child Relationship and Custody Determinations including but not limited to:**

a. Petitioner requests findings concerning the Court's reasoning behind its rulings on the modification of the **parent-child relationship,** including custody, reduced visitation rights to a non-standard possession order, and the restrictions placed on the Petitioner's rights as a parent particularly placing him on supervised visitation after almost four months in the future after final trial.

b. Petitioner further requests findings on the specific factual basis for any determinations related to the **best interests of the child** and how the Court applied those facts in making its final decision especially as it relates to giving exclusive medical rights for the M.T.A.F. to the mother *after* it was clearly proven by the petitioner in the pre-trial motions and the final jury trial that the mother has perpetually acted as a barrier and abused her exclusive decision making medical rights to prevent any kind of mental health access to M.T.A.F. – a special needs child who's documented history of

depression from being separated from his father, his mental health issues and his documented episodes of violence against strangers, family members, students and staff was proven in the emergency temporary orders hearing and the final trial.

### *Conclusion*

Pursuant to Rule 297 of the Texas Rules of Civil Procedure, Petitioner respectfully requests that the Court file its Findings of Fact and Conclusions of Law within twenty (20) days after this request. In the event the Court fails to file its findings and conclusions within the time required, Petitioner requests the preparation and filing of a notice of past due findings of fact and conclusions of law in accordance with Rule 297.

Respectfully submitted,

Dated this 22th day of October, 2024.

Respectfully submitted,

TARIQ FAROOQ

brainsurface@yahoo.com
(Cause No. 468-51752-2020)
3500 S. Echo Trl Plano TX 75023
214-498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on October 22, 2024.

To Ambreen Sahar Jafri and her attorney on record Vanita Aphan-Kirkland via Electronic Transmission at ajafri@ymail.com, ambreensj@gmail.com and vanita@tmwf.org. through Electronic Filing Manager

Respectfully Submitted By:

TARIQ FAROOQ

brainsurface@yahoo.com
tariq.farooq@brainsurface.com

NO. 468-51752-2020

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| AMBREEN SAHAR JAFRI | § | |
| AND | § | 468ᵗʰ JUDICIAL DISTRICT |
| TARIQ FAROOQ | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| H.A.F., F.A.F. AND M-T.A.F., | § | COLLIN COUNTY, TEXAS |
| CHILDREN | § | |

## AMENDED REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tariq Farooq, Petitioner in the above-styled and numbered cause, and pursuant to Rule 296 of the Texas Rules of Civil Procedure, respectfully requests that the Court file its Findings of Fact and Conclusions of Law in support of the Final Order in Suit to Modify the Parent-Child Relationship, signed on October 16, 2024.

Petitioner requests that the Court state in writing its findings and conclusions regarding the following matters that were litigated during the trial, including but not limited to:

### FINDING OF FACT REQUESTED

### I. PROCEDURAL HISTORY AND TIMELINE

#### A. Pre-Trial Proceedings

1. The dates and dispositions of all pre-trial motions filed by both parties.

2. The basis for scheduling decisions and continuances.

3. The timeline of discovery proceedings and related rulings.

4. The handling of temporary orders requests.

5. The procedural history leading to the final trial.

## B. Trial Proceedings

1. The dates of trial proceedings.

2. The presentation of evidence by both parties.

3. The timeline between trial conclusion and final order.

4. The basis for the delay between trial conclusion (June 26, 2024) and final order (October 16, 2024).

## II. SUBSTANTIVE FINDINGS REQUESTED

### A. Disability Accommodation Findings

The Court's consideration of Petitioner's documented disabilities, including:

    a. Petitioner's Tinnitus and Hearing Loss and its impact on participation.

    b. Petitioner's Tinnitus and Hearing Loss and its effect on proceedings.

    c. The court's procedure for handing such requests.

    d. Specific accommodations requested.

    e. Court's reasoning for granting or denying each accommodation request.

    f. Methods implemented to ensure ADA compliance.

### B. Evidentiary Rulings

The basis for admission or exclusion of evidence, including:

    a. Significantly pre-dated evidence admitted on behalf of Respondent.

    b. Excluded evidence and witnesses offered by Petitioner.

    c. Legal standards applied to each evidentiary ruling.

    d.  Reasoning for temporal limitations on evidence.

    e.  Authentication standards applied to admitted evidence.

## C. Parent-Child Relationship Determinations

Specific findings regarding modification of parent-child relationship:

    a.  Factual basis for custody modifications.

    b.  Evidence supporting supervised visitation requirement.

    c.  Best interest analysis for the child.

    d.  Consideration of special needs requirements.

    e.  Basis for medical decision-making authority.

    f.  The child's mental health and violence outburst.

    g.  Respondent's constant denial and abuse of her exclusive medical rights in providing mental health care for the special needs child.

    h.  Evidence supporting suspension of standard possession order.

    i.  Impact of delay in implementing supervised visitation.

## D. Financial Determinations

Specific findings regarding financial capacity:

    a.  Evidence considered regarding employment potential.

    b.  Analysis of current financial status.

    c.  Consideration of job search efforts.

    d.  Impact of pending litigation on employment.

    e.  Basis for income determination.

    f.  Evidence of financial hardship.

    g.  Analysis of ability to pay.

**E. Procedural Rulings**

Findings regarding procedural decisions:

a. Basis for a delay in granting a hearing for the Emergency Temporary Orders.

b. Basis for hearing the various pre-trial motions just two days before Final Tiral.

c. Basis for granting a hearing for Motion to Enter without a formal motion being filed by either party.

d. Submission conversion from oral hearing for the Motion to Enter.

e. Basis for submission conversion from oral hearing for the Motion to Enter.

f. Timeline of pre-trial motion rulings.

g. Timeline of post-trial motion rulings.

h. Handling of indigency claims.

i. Handling of post-trial motions.

j. Court reporter record accessibility.

k. Response to discovery disputes in the pre-trial motions for emergency temporary orders.

l. Response to evidentiary/witness disputes in the pre-trial motions for Plano ISD's Motion to Quash.

m. Response to Petitioner's pre-trial motion for extra time as an ADA accommodation in his pre-trial motion.

n. Response to Petitioner's pre-trial motion to seal the record.

o. Response to Petitioner's pre-trial motion for continuance of the final trial in the context of critical witnesses favorable to the Petitioner being unavailable for final trial.

p. Response to Petitioner's request for extra time as an ADA accommodation in his pre-trial motion for extra time during the final trial.

q. Response to Petitioner's repeated requests for extra time as an ADA accommodation in all of his pre-trial motion hearings.

r. Response to discovery disputes presented in the pre-trial motions to compel discovery.

## F. Best Interest of the Child Determinations

Specific findings regarding child's best interest:

a. Evidence considered regarding child's special needs.

b. Evidence considered regarding child's mental health issues.

c. Evidence considered regarding child's violent tendencies and violence episodes.

d. Analysis of medical care requirements.

e. Impact of mental health considerations.

f. Educational needs assessment.

g. Safety considerations.

h. Emotional well-being factors.

i. Stability analysis.

## III. CONCLUSIONS OF LAW REQUESTED

### A. Legal Standards Applied

1. Standards used for modification.

2. Burden of proof applied.

3. Best interest legal framework.

4. ADA compliance requirements.

5. Procedural due process requirements.

**B. Statutory Compliance**

1. Application of Texas Family Code provisions.

2. Implementation of ADA requirements.

3. Compliance with TRCP.

4. Application of local rules.

5. Interpretation of controlling case law.

**C. Constitutional Considerations**

1. Due process compliance.

2. Equal protection analysis.

3. Fundamental rights considerations.

4. Access to courts.

5. Disability rights compliance.

**Fraud upon the Court**

1. Does this court have inherent power to manage fraud upon the court, especially in the context of respondent's commission of aggravated perjury in pre-trial and final trial proceedings on material matters?

2. Has this Court provided a level playing field to both parties during the whole proceedings?

## IV. CONCLUSION AND RELIEF SOUGHT

Pursuant to Rule 297 of the Texas Rules of Civil Procedure, Petitioner respectfully requests that the Court file its Findings of Fact and Conclusions of Law within twenty (20) days after this request. Petitioner reserves the right to request additional or amended findings pursuant to TRCP 298.

WHEREFORE, PREMISES CONSIDERED, Petitioner requests that the Court issue comprehensive Findings of Fact and Conclusions of Law addressing each of the above-requested matters, and for such other and further relief to which Petitioner may be justly entitled.

Respectfully submitted,

Dated this 22[th] day of October, 2024.

Respectfully submitted,

TARIQ FAROOQ

brainsurface@yahoo.com
(Cause No. 468-51752-2020)
3500 S. Echo Trl Plano TX 75023
214-498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on October 22, 2024.

To Ambreen Sahar Jafri and her attorney on record Vanita Aphan-Kirkland via Electronic Transmission at ajafri@ymail.com, ambreensj@gmail.com and vanita@tmwf.org. through Electronic Filing Manager

Respectfully Submitted By:

TARIQ FAROOQ

brainsurface@yahoo.com
tariq.farooq@brainsurface.com