# Exhibit S

## Court's Memorandum Ruling for SAPCR –

## 08/20/2024

**(Establishes Final Trial Findings Based On Fabrications by Judge Lindsey Wynne Unsupported By Evidence)**



**LINDSEY WYNNE**
JUDGE, 468TH JUDICIAL DISTRICT COURT

### Court's Memorandum Ruling

**Date: August 20, 2024**
**Cause No.: 468-51752-2020; Final Trial**

On June 26 and June 27, 2024, both parties and their respective counsel appeared before the jury and court and presented evidence and argument in their modification final trial. The Jury rendered verdict of no change in managing conservatorship. The Parties agreed on the record to not modify the geographic restriction of Collin County, Texas and contiguous counties and the court accepted and rendered on that agreement. Court took the remainder of the court's ruling under advisement.

The parties are to remain Joint Managing Conservators and Mother is the conservator with the exclusive right to determine the primary residence of the child within Collin County, Texas and contiguous counties. As the prior order became unworkable for these parties and due to the best interest of the child, Mother shall have the exclusive right to enroll the child in school and make educational decisions for the child, exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures, exclusive right to consent to psychiatric and psychological treatment of the child, exclusive right to receive and give receipt for payments of support, exclusive right to apply for and maintain possession of the child's passport, and lastly, exclusive right to represent the child in legal action or make other decisions of substantial legal significant concerning the child. Mother is ordered to confer in writing to Father for any of these major decisions; however, as Mother has the exclusive rights to make/consent to these decisions for the child, Father does not have to agree, consent, or be present for any major decision.

Mother's pleadings did not indicate a request for increased child support, despite Father's income increasing from the time of trial to his most recent income brought forward at trial. Additionally, Father provided evidence that he is capable of being employed, has the ability to make well over $100,000 per year, as well as has other income-producing business ventures (i.e. writing and selling books online, etc.) and sought a modification of child support in his own pleadings. However, at this time, the Court orders that his child support obligation remains the same as previously ordered, as well as his monthly cash medical reimbursement obligation. The child has already been found to be a minor disabled child in the prior order, as the child has several disabilities and conditions that render him incapable of ever caring for himself in the future, and Father has been ordered to provide financial support to the Mother for the benefit of the care of the child for the life of the child.

Due to the ongoing behaviors of the Father that put the child's emotional welfare and health and physical safety at risk, it is no longer in the child's best interest for the Father to have a Standard Possession Order of the child without necessary injunctions in place and a modification to the schedule. Some examples of Father's concerning behaviors admitted at trial that have caused harm to the child are admitting the minor disabled child to a psychiatric hospital when it was not necessary and placed an exceptional emotional and physical hardship on the minor disabled child, unnecessarily and frequently exposing this child to emergency rooms at the slightest

notion that the child could be ill and when the child does not need emergency intervention, and recording the child whenever the child cries or is in emotional distress. Some other examples are taking the child to do high impact activities when the child has bone density issues, telling multiple sources the child has multiple mental illnesses that have not been adequately diagnosed – even when medical and school records admitted at trial clearly indicate otherwise; and behaving in a way so concerning for the safety and welfare of his son, that both his adult daughters testified at trial of their concerns with the Father's care of the child. Without necessary supervision in place, the Court must implement supervision to prevent the minor disabled child being put into situations with Father that are not in the child's best interest and that are an abuse of our community resources that are needed for many others out there with medical emergencies, legal/court intervention, or mental health crises and emergencies.

For the physical and emotional safety and welfare of the child and for the best interest, the Father shall have a stair-step possession and access order. Step 1 - For the first 180 days, the Father shall have supervised possession and access at his expense. Father will have possession every Saturday and Sunday of the 1st, 3rd, and 5th weekends of the month (based on the 1st Friday of the month –still following the OAG calendar) from 10 am to 3 pm (or however long can be accommodated those days). Father shall exercise a minimum of 75% of his possession periods (a period is a Saturday and Sunday) supervised in order to proceed to Step 2. Step 2 will be the same schedule; however, we will proceed to unsupervised as long as 75% of the visits were exercised with a supervisor previously and there were no noted concerns addressed or brought forward by the supervisor (i.e. recording the child when he's upset, disparaging the mother, etc.). Father shall execute a release for Mother to have direct access from the supervisor the notes from each visit. After 180 days at step 2 with no issues, then Father shall proceed to Step 3, a non-expanded standard possession order of the child.

Father is enjoined from disparaging the Mother in front of the child or within the hearing of the child. It is necessary to enjoin the Father from this behavior, as the evidence admitted at trial supported this concern in multiple ways, including, but not limited to the several recordings of the child in the father's possession referring to his Mother in derogatory terms and names. Father is enjoined from interfering with Mother's ability to exclusively decide on medical, psychological, psychiatric, and educational decisions for the best interest of the minor disabled child; including, but not limited to Father refusing to execute necessary documents in order to get the child adequately evaluated at the school or attend individual counseling, etc..

**Signed on August 20, 2024.**

_Lindsey Wynne_

**JUDGE LINDSEY WYNNE**
**JUDGE, 468TH DISTRICT COURT**

\*NOTICE: This is not a final judgment. Further actions are required to memorialize this ruling with a formal order.

Collin County Courthouse, 2100 Bloomdale Road, Suite 20276, McKinney, Texas 75071