# Exhibit Y

## Plaintiff's Criminal Complaint And Affidavit

## Against Judge Lindsey Wynne

### (Establishes Proof Of Judicial Misconduct Against Plaintiff)

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## STATE OF TEXAS
## COUNTY OF COLLIN

**BEFORE ME,** the undersigned authority, on this day personally appeared **Tariq Farooq**, who, after being duly sworn, stated under oath as follows:

## I. IDENTITY AND BACKGROUND OF AFFIANT

1. My name is **TARIQ FAROOQ**. I reside at 3500 S Echo Trl, Plano, TX 75023. This affidavit is made voluntarily and based on my personal knowledge of the facts, which I believe to be true and correct.

2. I have not been convicted of any crime anywhere in the world.

3. I am an IT professional having authored multiple IT books and other publications, a 100/100 parent, a great dad and was a loyal good, faithful, loyal and hardworking husband.

## II.    STATEMENT OF PROBABLE CAUSE

4. This affidavit does not include all of the facts known to me, but only those facts relevant and sufficient to establish probable cause. This affidavit establishes probable cause to believe evidence of Official Oppression, Abuse of Official Capacity, Tampering with Witnesses or Evidence, Tampering with Government Records in violation of Texas Penal Code § 37.10, § 39.02, § 37.09, § 37.09. There is probable cause to believe JUDGE LINDSEY WYNNE of the 468th District Court of Collin County, TX committed the offenses including but not limited to the ones mentioned in my complaint and this affidavit.

1

### III.    STATEMENT OF PURPOSE

5. This Affidavit is being submitted as Evidence of a Complaint against **JUDGE LINDSEY WYNNE OF THE 468ᵀᴴ DISTRICT COURT OF COLLIN COUNTY, TX** and that JUDGE WYNNE knowingly and willingly conducted and caused the illegal actions encapsulated in my criminal complaint and this affidavit. This unprovoked antagonism and violation of Constitutional Protections/Rights can only be viewed by an Objective Third Party of having the purpose to harass, damage, and incapacitate me (Mr. Tariq Farooq), my special needs child M.T.A.F. and any supporting persons in that courtroom. Most all who receive this Affidavit/Complaint (as outlined below) have taken an Oath of Office that should be similar to:

Article XVI, Section 1, of the Texas Constitution outlines the official oath of office as follows: "I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."

In addition, before taking the oath of office and beginning the duties of office, each elected or appointed officer required to take the oath must also subscribe to the following statement:

2

"I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help me God."   TEX. CONST., art. XVI, § 1.

This Oath requires each of you to take action when presented with evidence of corruption, unlawful conduct by another official, or the appearance of unethical/illegal behavior. This Affidavit and attached Complaint serves the purpose of Evidence, as outlined below.

## IV.    CONSTITUTIONAL GUIDELINES

6. **Please take notice** that "All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit..." (Texas Constitution, Article 2, Sec. 2).

    **Please take notice** that We the People are endowed, by our Creator, with certain unalienable rights, that among these are life, liberty, and the pursuit of happiness.

    **The Declaration of Independence:** "We hold these truths to be self-evident, that all men are created equal, that they are endowed, by their Creator, with certain unalienable rights, that among these are life, liberty, and the pursuit of happiness."

3

**Please take notice that the abrogation of a right is unlawful.** Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.

**U.S. Constitution, First Amendment:** "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

**U.S. Constitution, Amendment 14, Section 1:** "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of 3 1 of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**Maxim of Law:** Void things are as no things.

## V. STATUTORY GUIDELINES

7. The following Guidelines are taken from the Texas Code of Criminal Procedure (TCCP):

**Art. 15.04. COMPLAINT.**

> The affidavit made before the **magistrate** or **district** or **county attorney** is called a "complaint" if it charges the commission of an offense.
>
> Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.
>
> Art. 15.05. REQUISITES OF COMPLAINT.

4

*The complaint shall be sufficient, without regard to form, if it have these substantial requisites:*

    a.  It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

    b.  It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

    c.  It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

    d.  It must be signed by the affiant by writing his name or affixing his mark.

*Said **COMPLAINT** (as described herein) is then Submitted to the Magistrate or DA or AGO or a similar legal authority.*

*Said **COMPLAINT** (as described herein) is then Submitted to the Magistrate (or DA, etc.):*

## COURTS AND CRIMINAL JURISDICTION

Art. 4.01. WHAT COURTS HAVE CRIMINAL JURISDICTION.

    The following courts have jurisdiction in criminal actions:

    The Court of Criminal Appeals;

    Courts of appeals, other than the Court of Appeals for

    the Fifteenth Court of Appeals District;

    The district courts;

    The criminal district courts;

The magistrates appointed by the judges of the district courts;

The county courts;

All county courts at law with criminal jurisdiction;

County criminal courts;

Justice courts;

Municipal courts;

The magistrates appointed by the Collin County Commissioners Court;

The magistrates appointed by the Collin County Commissioners Court or the local administrative judge for Collin County;

As can be clearly seen, many receiving this Affidavit are responsible and have Jurisdiction over this matter and must accept this Affidavit/Complaint.

## Art. 15.03. MAGISTRATE MAY ISSUE WARRANT OR SUMMONS.

A magistrate may issue a warrant of arrest or a summons:

In any case in which the official is by law authorized to order verbally the arrest of an offender;

When any person shall make oath before the magistrate that another has committed some offense against the laws of the State; and

6

In any case named in this Code where the official is specially authorized to issue warrants of arrest.

## VI. FACTS SUPPORTING CRIMINAL COMPLAINT

8. I submit this affidavit in support of my criminal complaint against **JUDGE LINDSEY WYNNE**, who has repeatedly engaged in criminal conduct and violations of the **Texas Penal Code on multiple counts**. Included but not limited to are the following specific acts of criminal violations committed by Judge Wynne, as detailed in my criminal complaint:

### *Ignoring Aggravated Perjury by the Opposing Party*

9. During the **Final Jury Trial** held from **June 24 to June 26, 2024**, the opposing party was caught committing **aggravated perjury** on several material matters. Despite clear evidence of false testimony, **Judge Wynne ignored the perjury,** allowing the false statements to manipulate and influence the jury's decision.

10. This act constitutes **official oppression** under **Texas Penal Code § 39.03**, as Judge Wynne's intentional refusal to act on the perjury favored the opposing party and substantially harmed my case.

### *Denial of ADA Accommodations*

11. Throughout the trial proceedings of the Motion to Modify Parent Child Relationship from Dec 07, 2023 onwards, I requested **ADA accommodations** due to my hearing disability

7

(tinnitus), yet **Judge Wynne repeatedly denied these requests**, despite my demonstrated disability condition.

12. This violation of the **Americans with Disabilities Act (ADA)** is a form of **discrimination** and constitutes **criminal misconduct** and **official oppression**, as Judge Wynne intentionally and repeatedly disregarded my rights.

### 3. Blocking and Suppression of my Critical Evidence

13. On **June 17, 2024,** just 7 days prior to the final trial, Judge Wynne granted the opposing party's **Motion to Quash critical and expert witnesses from Plano ISD**, thereby preventing critical witnesses from testifying.

14. By suppressing key evidence and blocking essential witnesses, Judge Wynne manipulated the outcome of the trial, constituting **abuse of official capacity** under **Texas Penal Code § 39.02,** and **tampering with judicial proceedings** by preventing relevant facts from being heard.

### Hurried, Abrupt and Suspicious Backdating of Final Order and Recusal Order and Fraud upon the Court after a Motion to Disqualify was filed on October 17, 2024

15. **Judge Wynne hurriedly, abruptly suspiciously manually signed and backdated** both the **final order** and **recusal order with no corresponding electronic docket entries on October 16, 2024.** These orders were signed in **wet ink** and backdated *after* I filed my **Motion to Disqualify** her on **October 17, 2024** violating due process, circumvention of her own submission deadlines for the Motion to Enter in a deliberate attempt to bypass

the Motion to Disqualify when no Motion for Recusal was pending before the court on October 16, 2024.

16. This intentional, abrupt and hurried backdating, combined with her failure to use electronic signatures and electronic docket records on October 16, 2024 clearly demonstrates fraud upon the court by tampering with official court records under **Texas Penal Code § 37.10**.

*Criminal Misconduct in Handling Motions*

17. **Judge Wynne systematically denied ALL of my motions**, including but not limited to my Motion for Emergency Temporary Orders on February 02, 2024, Motion for Continuance, Motion for extra time (ADA accommodation), Motion for Further Temporary Orders and my Motion to Compel Discovery on June 24, 2024 while granted the opposing party's motions in complete violation of the facts/evidence and the law.

18. The consistent and repeated *pattern* of denial of my motions, while favoring the opposing party, constitutes **criminal misconduct, abuse of office,** and **official oppression**.

*Unlawful Seizure of My Phone Without a Warrant*

19. On **June 24, 2024**, during the final jury trial, Judge Wynne ordered the **unlawful seizure of my phone without probable cause and a warrant**, violating my **Fourth Amendment rights** against unlawful searches and seizures.

20. This action constitutes **official oppression** under **Texas Penal Code § 39.03**, as it was an abuse of her judicial authority to unlawfully confiscate my property without due process.

9

*Retaliation against My Peaceful Protest*

21. During the summer of 2023, I protested peacefully for **42 days outside the Collin County Courthouse (See Exhibit A to the criminal complaint showing my protests),** opposing Judge Wynne's constant *pattern* of judicial misconduct.

22. In direct retaliation, Judge Wynne including but not limited to issuing one-sided punitive rulings imposed **supervised visitation** *almost four months after the jury trial had concluded* in June 2024 and imposed excessive fees, despite knowing my financial hardship. This action was clearly aimed at punishing me for exercising my **First Amendment rights** and constitutes **official oppression.**

## VII. CORRUPTION AND CRIMINAL CONDUCT

23. **Corruption by a Government Official:** Judge Wynne's actions clearly demonstrate a pattern of **corruption, abuse of official capacity and official oppression** by using her judicial authority to retaliate against me for my lawful protests, issue one-sided rulings against me while displaying clear bias and favoritism to opposing party, manipulate court processes, and undermine my rights.

24. *Further details of Judge Wynne's criminal conduct are encapsulated in my criminal complaint, my Motion to Disqualify filed on October 17, 2024 and in my audio, video and document evidence.*

## VIII. SPECIFIC VIOLATIONS OF THE TEXAS PENAL CODE

25. **Texas Penal Code § 39.03 – Official Oppression**

Judge Wynne's actions, including but not limited to **unlawful seizure of my phone, denial of ADA accommodations, retaliation for protest,** and **ignoring perjury,** all constitute **official oppression.**

26. **Texas Penal Code § 39.02 – Abuse of Official Capacity**

The **suppression of evidence, denial of ALL of my motions,** and rulings in favor of the opposing party demonstrate **abuse of her official capacity** as a judge.

27. **Texas Penal Code § 37.10 – Tampering with Government Records**

The abrupt, suspicious and hurried **backdating of the final order and recusal order** after the Motion to Disqualify had been filed without proper electronic filing procedures and bypassing her own submission deadlines/procedure for the Motion to Enter constitutes **tampering with government records.**

28. **Texas Penal Code § 37.09 – Tampering with Witnesses or Evidence**

The **constant blocking of key witnesses and suppression of evidence** during the trial shows **tampering with judicial proceedings and evidence,** which directly impacted the case's outcome.

## IX. CONCLUSION AND RELIEF SOUGHT

29. As is clearly shown Judge Wynne engaged in repeated and multiple counts of criminal conduct resulting in serious harm to me and my special needs child.

30. I request an immediate investigation into these aforementioned **multiple counts of violations of the Texas Penal Code**, including but not limited to **official oppression, abuse of office, tampering with government records, tampering with witnesses or evidence** and **retaliation for lawful protest**. The conduct of **Judge Lindsey Wynne** shows a pattern of criminal misconduct that undermines the integrity of the judicial system.

**Further affiant sayeth not.**

Signature: _____

Tariq Farooq

Sworn to and subscribed before me on this ___ day of **October, 2024**, by **Tariq Farooq**, to certify which witness my hand and seal of office.

_____

Notary Public State of Texas

JONATHAN SIMS
Notary Public
STATE OF TEXAS
Notary ID # 13203337-9
My Comm. Exp. May 28, 2027

12

# Exhibit A

**CRIMINAL COMPLAINT**
**AGAINST JUDGE LINDSEY WYNNE**
**TO: Collin County Sheriff's Office**

**Complainant**:
Tariq Farooq
3500 S Echo Trl
Plano, TX 75023
Phone: (214) 498-9888
Email: brainsurface@yahoo.com

**Accused**:
Judge Lindsey Wynne
468th District Court
Collin County, Texas

---

## I. INTRODUCTION

I, **TARIQ, the father of a severely disabled special needs child**, submit this **criminal complaint** against **JUDGE LINDSEY WYNNE** of the 468th District Court, Collin County, Texas. This complaint outlines multiple violations of the **Texas Penal Code**, including but not limited to **official oppression, tampering with government records, abuse of office, unlawful seizure of my phone without a warrant, retaliation for my protests, suspicious backdating of orders, violation of due process** and other criminal acts in my divorce and child custody case (Cause No. 468-51752-2020) that clearly demonstrate *criminal conduct on multiple counts* as shown below. These acts show a **consistent and repeated pattern** of abuse of office, official oppression, judicial bias, judicial misconduct, retaliation for my peaceful protests against her and intentional harm to me and my special needs severely disabled child born with Tetrasomy 18p. Shown below are just *some* of the criminal acts that Judge Wynne has perpetuated against me and my special need child over four years of litigation; More details of her criminal activity are available in the attached Motion to Disqualify. *I have extensive and comprehensive evidence in*

*my possession: Court Transcripts, Rulings/Orders, Audios/Videos and other document evidence to support my claims against Judge Wynne. To reiterate A SPECIAL NEEDS CHILD BORN WITH A RARE CHROMOSOMOAL DISORDER "TETRASOMY 18p" HAS BEEN AND CONTINUES TO BE SEVERELY HARMED BY JUDGE WYNNE'S ILLEGAL CONDUCT.*

---

## I. ALLEGATIONS OF CRIMINAL CONDUCT

1. **Aggravated Perjury by the Opposing Party Ignored by Judge Wynne**

   a. During the **Final Jury Trial** from **June 24 to June 26, 2024**, the opposing party was caught committing **aggravated perjury** on several material matters. This was brought to the court's attention with clear evidence of false testimony, but Judge Wynne **ignored the perjury** and **allowed the testimony to sway and influence the outcome in opposing party's favor** thereby, resulting in clear and open acts of manipulating/prejudicing the jury.

   b. Intentionally ignoring material perjury in court proceedings, while refusing to admit key properly introduced evidence from my side resulting in **willful evidence suppression**, shows clear **criminal misconduct** and **judicial bias**. By willfully allowing perjured testimony to sway the case, Judge Wynne engaged in **official oppression and abuse of official capacity** under **Texas Penal Code § 39.03 & 39.02**.

2. **Denial of ADA Accommodations**

   a. Throughout the proceedings of the Motion to Modify Parent Child Relationsip, I requested **ADA accommodations** due to my severe hearing disability (tinnitus) and hearing loss to enable me to adequately participate in court proceedings. Despite repeated requests, **Judge Wynne denied me any ADA accommodations**, refusing to provide extra time or adjust the pace of the hearings or offer me CART services leaving me at a significant loss on understanding some of the proceedings, responding to them and presenting my case adequately.

   b. This refusal violated my rights under the **Americans with Disabilities Act (ADA)** and constituted **criminal misconduct** by **intentionally** creating a **unfair disadvantage** for me during the trial. This act of **discrimination based on disability** also constitutes **official oppression**.

3. **Brazen En-Masse Intentional Blocking and Suppression of Critical Evidence**

   a. On **June 17, 2024,** prior to the final trial, Judge Wynne arbitrarily granted **Motion to Quash witnesses from Plano ISD**, which intentionally blocked the introduction of critically proven witnesses in my special needs son's favor to get relief from Judge Wynne's constant pattern of judicial misconduct.

   b. The willful and intentional suppression of my critical witnesses and evidence **before and during the jury trial**, which would have substantially helped my case, reflects a deliberate attempt by Judge Wynne to influence the outcome of the trial. This action, done with intent to harm my defense, constitutes **abuse of**

official capacity under **Texas Penal Code § 39.02** and **tampering with judicial proceedings**.

4. **Tampering with Court Orders and Records and Fraud upon the Court**

   a. As mentioned previously, Judge Wynne **hurriedly, abruptly and suspiciously backdated and manually signed in wet-ink the final order and recusal order to October 16, 2024 with electronic signatures or docket entries (*when there was no pending motion to recuse her*)**, signing them in **wet ink** instead of electronic signature on October 16, 2024 and delivering them to the District Clerk's office *after* I filed my **Motion to Disqualify** on **October 17, 2024** at 11:31am (Judge Wynne committed such illegal actions bypassing her own set submission deadlines/dates); all in a deliberate and intentional effort to circumvent and bypass due process and her lack of authority/jurisdiction when a Motion to Disqualify had already been filed – all the circumstantial evidence points to these facts beyond a reasonable doubt. To my notice, this is the first time in 4+ years of litigation that Judge Wynne has not used electronic signatures.

   b. The recusal order was wet-signed *after* the Motion to Disqualify was filed *when no motion for recusal was pending on October 16, 2024*, indicating that Judge Wynne was aware of her lack of authority *after* the Motion to Disqualify Judge Wynne had been filed, but *still* chose to take unauthorized actions in response. This violates the principle of impartiality and constitutes **fraud upon the court**. This constitutes clear Official Oppression under Texas Penal Code § 39.03.

c. By manipulating official court records and **backdating the orders**, Judge Wynne **tampered with government records** in a deliberate and intentional effort to circumvent the lack of authority once my Motion to Disqualify had been filed against her on October 17, 2024 at 11:31am, which is a clear offense under **Texas Penal Code § 37.10**.

5. **Criminal Misconduct in Handling Key Motions**

a. **Judge Wynne denied <u>ALL</u> of my motions (*every single one of them*) and requested relief for the well-being of severely disabled special needs child** including but not limited to my Motion for Emergency Temporary Orders, First Motion for continuance, Motion to compel discovery, Motion for extra time as an ADA accommodation for my severe Tinnitus and Hearing Loss, while granting the opposing party's motions, showing a clear, repeated and perpetual pattern of judicial bias, prejudice and misconduct. For instance, on **June 24, 2024**, Judge Wynne denied my **Motion for Continuance** despite the unavailability of critical witnesses (thereby blocking critical witnesses in my favor) and granted relief to the opposing party's motions. Furthermore, she denied my Motion to Compel discovery thereby placing me at a significant disadvantage by **blocking critical evidence favorable to my case** which constitutes **tampering with evidence**. Moreover, she held the pre-trial motions on June 24, 2024 just 2 days prior to Final Jury Trial thereby deliberately rushing the entire process and not giving me enough time to adequately prepare my case resulting in yet another instance of **violation of due process**.

b. This **blatant and systemic denial of due process** by a sitting judge, while perpetually favoring the opposing party, is open **abuse of official capacity** and **official oppression** and **clear retaliation** for my **legitimate, lawful and peaceful protests** against her in the Collin County courthouse building.

6. **Unlawful Seizure of My Phone**

a. On **June 24, 2024**, during the pre-trial motions, Judge Wynne arbitrarily and abruptly ordered the **seizure of my phone without a warrant** or probable cause under pretext of checking it whether I was recording the pleading, when she had already *allowed* me to use it to consult my legal notes and case law present on my phone (Pro Se litigants are afforded the same rights in court as attorneys who are allowed to use their phones in court for legal purposes). This constitutes a open and clear violation of my **Fourth Amendment rights** and a clear case of **official oppression** under **Texas Penal Code § 39.03**, as she used her position to unlawfully confiscate my property without probable cause and a warrant.

7. **A Repeated Pattern of Intentional Punitive Rulings, Judicial Bias and Open Retaliation against my Protests outside the Collin County Courthouse**

a. In response to my **42-day peaceful protest outside the Collin County Courthouse in 2023**, Judge Wynne retaliated by undertaking actions and issuing rulings, including but not limited to denying 100/100 of my motions, openly manipulating/prejudicing the jury, repeated violation of due process, blocking/suppression of my critical evidence, allowing improper evidence from

opposing party, ordering **unnecessary supervised visitation** and **imposing excessive visitation fees**, all of which are punitive and retaliatory in nature and constitute official oppression and an abuse of official capacity; **placing me on supervised visitation (*which is a drastic measure reserved to prevent immediate harm to children from abusive parents*) almost 4 months in the future *after* the jury trial had concluded on June 26, 2024**; all the evidence points to these facts beyond a reasonable doubt.

b. My parental history for my child is 100/100 in every respect (academic, health, personal/emotional development etc.) as clearly proven with undeniable clear and convincing evidence admitted throughout the pendency of the case – the admitted evidence and the mother's own testimony has repeatedly attested these facts. These rulings, designed to punish me for exercising my **First Amendment rights of protest against her**, demonstrate **official oppression** and **abuse of power**. Such retaliatory actions undermine the judicial system and erode public trust in impartial justice. Furthermore, despite her clear and open display of bias and prejudice against me, she refused to recuse herself in response to my Motion for recusal filed on March 27, 2024; this constitutes **official oppression** under **Texas Penal Code § 39.03**. These actions have now resulted in **effective termination of my parental rights for my special needs child who shares a super-strong bond with me** – the strongest bond on the planet for both of us by an order of magnitude higher than any other relationship for my special needs child; **Judge Wynne's actions are causing my special needs child ("M.T.A.F.") to be in a constant state of depression and deep emotional distress as he suffers from**

severe separation anxiety disorder while being away from his father. Morever, M.T.A.F. became suicidal and has suffered many mental health breakdowns in the last 4+ years as is clearly demonstrated from the 100+ audios/videos in my possession (many of which were introduced as evidence in court). It is important to note that, M.T.A.F. has a documented history of violence against random strangers, school staff, children and family members – *in the last 54+ months since separation of the parties in the divorce case, he has vehemently, violently and forcefully refused to transition to the mother in almost every single transition.* Additionally, M.T.A.F., a special needs child with a documented history of mental health, violence and limited mental capacities has repeatedly threatened to run away from his mother's apartment. All of this critical evidence was repeatedly, perpetually and arbitrarily ignored by Judge Wynne in complete and utter disregard of my severely disabled child's best interests.

8. **Judge Wynne's Illegal Actions causing IRREPABLE HARM to my Special Needs Child and putting him in a deep state of emotional distress.**

   a. Judge Wynne's rulings over the last 4+ years have caused **irreparable harm** to my special needs child, **M.T.A.F.**, who suffers from **Tetrasomy 18p**, a rare chromosomal disorder. Despite the **very strong bond and dependence** my child has on me and my 100/100 parenting history, Judge Wynne's **illegal actions** have forcefully kept him away from me for long periods of time, causing him to remain in a deep state of **emotional distress** and further **worsening his mental health**, which is compounded with the fact that the mother abuses her exclusive decision

making authority to perpetually block urgently needed mental health care to him –
this has resulted in ZERO THERAPY SESSIONS, ZERO PSYCHE
MEDICATIONS, ZERO AFTER-SCHOOL ABA, ZERO IBT for M.T.A.F
(**Judge Wynne has repeatedly enabled a child abuser to block mental health
care for him despite my repeated pleas to do so**). Now, Judge Wynne has
effectively terminated my parental rights by ordering expensive supervised
visitation despite evidence of my financial hardship that was duely admitted
during final trial which Judge Wynne intentionally ignored without any
supporting facts or evidence or case law or TRCP rules to support her ruling. I
cannot afford these illegally ordered expensive supervised visits (with no facts or
evidence to support such drastic measures) costing hundreds of dollars per visits
ordered almost four months in the future after the conclusion of the jury trial
thereby effectively resulting in a termination of my parental rights.

b. To make matters worse for my special needs child, Judge Wynne granted the
mother **exclusive education and medical decision-making rights**, which has led
to significant neglect of my child's urgent mental health needs by the mother. The
mother has **constantly abused this exclusive medical right in the last few year**s
**by consistently blocking necessary medical treatments, therapy, counseling
etc. including care for** depression **and other critical mental health issues in
addition to committing aggravated perjury on multiple counts on these
matters significantly material to this case.** Judge Wynne's intentional actions in
this regard in complete violation of the facts and the law have placed my child's

well-being at risk by enabling child abuse by the mother, further demonstrating her **official oppression** and **misuse of judicial discretion**.

---

### III. SPECIFIC VIOLATIONS OF THE TEXAS PENAL CODE

1. **Texas Penal Code § 39.03 – Official Oppression**
   - The **repeated violation of due process, one-sided rulings, perpetual favoritism to opposing party, unlawful seizure of my phone, repeated denial of ADA accommodations**, and the **retaliation for my protests and a repeated pattern of one-sided punitive and retaliatory rulings against me** ALL constitute official oppression.
   - Additionally included but not limited to, **blatantly ignoring aggravated perjury, allowing improper evidence from opposing party, en-masse blocking and suppression of my critical evidence** and **failing to act on clear evidence of false testimony by the mother** shows intentional a **consistent pattern of judicial bias and misconduct**.

2. **Texas Penal Code § 39.02 – Abuse of Official Capacity**
   - Judge Wynne's blocking and suppression of **critical evidence and denial** of <u>all</u> my motions while favoring the opposing party and granting them blanket relief reflects clear **abuse of her official judicial capacity**.

3. **Texas Penal Code § 37.10 – Tampering with Government Records**
   - The **backdating and manual signing of the final order and recusal order** coupled with the failure to follow proper electronic filing procedures on October

16, 2024 *after* a Motion to Disqualify had been filed on October 17, 2024 thereby restricting her plenary power/jurisdiction is clear **fraud upon the court** including but not limited to **tampering with government records**.

4. **Texas Penal Code § 37.09 – Tampering with Witnesses or Evidence**

   o The **suppression of key witnesses** and the **en-masse blocking of evidence in clear attempts to prejudice the jury against me** during the trial is tampering with judicial proceedings and evidence, which directly influenced the outcome of the case.

---

### IV. CORRUPTION AND CRIMINAL CONDUCT

Judge Wynne's actions constitute **criminal misconduct, fraud upon the court** and **corruption by a government official**. The consistent and perpetual pattern of denying motions, ignoring aggravated perjury, en-masse suppression of my favorable evidence and openly retaliating for lawful protest shows a clear intent to subvert justice for personal gain or to harm another. Her judicial misconduct reflects a deliberate and corrupt abuse of her official position which rises to the level of official oppression and judicial corruption, as she repeatedly used her authority to obstruct my rights and protect the opposing party.

- **Manipulation of Court Records**: Backdating the final and recusal orders to obstruct my legal rights shows **criminal intent** and **tampering with court records with intent**.

- **Retaliation for Exercising Constitutional Rights**: Judge Wynne retaliated against me for peacefully protesting her rulings, which constitutes **official oppression, abuse of office** and **corruption**.

---

## V. CONCLUSION

I respectfully request that the **Collin County Sheriff's and the Collin County District Attorney's Office** investigate **Judge Lindsey Wynne** for criminal conduct, including but not limited to violations of the **Texas Penal Code** for **official oppression, abuse of office, tampering with government records**, and **retaliation for lawful protest**. Judge Wynne's actions demonstrate a repeated pattern of bias, criminal misconduct, and judicial corruption.

I humbly request you to help me and my special needs child.

Dated this 29th day of October, 2024.

Respectfully submitted,

TARIQ FAROOQ

(Complainant)

brainsurface@yahoo.com
3500 S. Echo Trl Plano TX 75023

(214) 498-9888