# Exhibit AJ

## Email from 468 Court Reporter Carolyn England confirming USB Loss and 08/07/2025 Rule 34.6 Hearing Transcript

### (Supports Count against Court Reporter Carolyn England)

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 416-51752-2020
COURT OF APPEALS CASE NO. 05-24-01246-CV

IN THE INTEREST OF          §  IN THE DISTRICT COURT OF
                            §
                            §
H.A.F., F.A.F., MT.A.F,     §  COLLIN COUNTY, TEXAS
                            §
                            §
CHILDREN,                   §  416TH JUDICIAL DISTRICT

-------------------------------

HEARING

-------------------------------

On the 7th day of August, 2025, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Judge Kim Cooks, Judge presiding, held in McKinney, Collin County, Texas; Proceedings reported by machine shorthand.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

A P P E A R A N C E S

FOR THE PETITIONER:

    Mr. Tariq Farooq
    PRO SE
    3500 S Echo Trail
    Plano, Texas 75023
    brainsurface@yahoo.com

FOR THE RESPONDENT:

    Ms. Vanita Aphan-Kirkland
    SBOT NO. 24101456
    BURROWS LAW GROUP
    4401 Long Prairie Road
    Suite 500
    Flower Mound, Texas 75028
    Phone:  (972) 304-6000
    Fax:  (972) 317-6220
    vanita@burrowsatlaw.com

FOR THE WITNESSES:

    Mr. Robert J. Davis
    SBOT NO. 05543500
    MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAR
    8131 LBJ Freeway
    Suite 700
    Dallas, Texas 75251
    Phone:  (972) 234-3400
    Fax:  (972) 234-1750
    bdavis@mssattorneys.com

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

3

CHRONOLOGICAL INDEX
VOLUME 1
(HEARING)

AUGUST 7, 2025                                    PAGE    VOL

Appearances.................................    2      1

Proceedings.................................    4      1

| WITNESSES: | DIRECT | CROSS | VOIR DIRE | |
|---|---|---|---|---|
| ROBIN BENTON | 6 | | | 1 |
| CAROLYN ENGLAND | 12 | 17 | | 1 |

Adjournment.................................   38      1

Reporter's Certificate......................   39      1

4

                    P R O C E E D I N G S

          THE COURT:  We're on record in Cause

Number 468-51752-2020.

          To make sure everyone is present,

Mr. Farooq, you are here?

          MR. FAROOQ:  Yes, ma'am.

          THE COURT:  Okay.  And we have a CART

writer for you sitting right here.

          MR. FAROOQ:  (Nonverbal affirmative

response).

          THE COURT:  And Collin County District

Clerk Michael Gould.

          MR. GOULD:  Present.

          THE COURT:  Destiny Moses, you're taking

the record.

          Robin Benton?

          MS. BENTON:  Yes, ma'am.

          THE COURT:  And Carolyn England?

          THE WITNESS:  Yes, ma'am.

          THE COURT:  Okay.  We're going to begin

with Robin Benton.

          If you could come forward?

          MR. DAVIS:  Your Honor, Bob Davis on

behalf of -- I'm outside counsel for the county.  I have

a housekeeping matter.

5

Mr. Gould was ordered to appear. He's the District Clerk for Collin County. The Collin County Commissioner's Court is currently in budget meetings, and he has been requested to appear simultaneously. Would Your Honor allow him to leave these proceedings? He's got the deputy district clerk here as well, Ms. Cindy Watson. Allow Mr. Gould to leave and have Ms. Watson stay in his place?

I don't believe there's any questions that'll be addressed to the district clerk anyway, but in order to comply with the Court of Appeals' order, he is present as ordered, but we would ask that he be released and Ms. Watson be allowed to stay in his place?

THE COURT: Yes, that would be fine.

MR. DAVIS: Thank you, Your Honor.

MR. FAROOQ: Your Honor, I object. I object to the deputy clerk because the Fifth District Court of Appeals' order was very clear that Mr. Gould be here for the hearing and that's the reason I object.

THE COURT: There's no questions for Mr. Gould, and he has to be at Commissioner's Court for the budget meetings, and in his place is a competent person, the deputy clerk.

MR. FAROOQ: Okay. Additionally, Your Honor, respectfully, I also -- due respect, I don't

6

believe, and pardon me, that you are the presiding judge of this court, and the presiding judge of the Court was the one that was ordered to conduct this hearing. I was not given any advanced notice of a visiting or associate judge conducting this hearing.

So for the record, respectfully, I do respect -- I do object to a visiting or associate judge conducting this hearing in lieu of the presiding judge hearing, so --

THE COURT: Okay.

MR. FAROOQ: -- for the record.

THE COURT: Well, we have deadlines to meet for the Court of Appeals. If they overturn it and ask for another hearing, we'll have another hearing, but today we're going to go forward.

MR. FAROOQ: Okay. But I -- for the record, I do make my objection.

THE COURT: Okay. Ms. Benton if you could raise your right hand.

(Witness sworn by the Court)

THE COURT: Okay. You can have a seat.

THE WITNESS: Okay.

ROBIN BENTON, having been first duly sworn, testified as follows:

DIRECT EXAMINATION

7

BY THE COURT:

Q. State your full name for the record.

A. Robin Benton.

Q. And are you a certified court reporter in the State of Texas?

A. Yes, ma'am.

Q. How long have you been a certified court reporter?

A. Almost 36 years.

Q. And has your certification as a court reporter ever been suspended or revoked?

A. No, ma'am.

Q. Are you the official court reporter for the 468th Judicial District Court of Collin County, Texas?

A. Yes, ma'am.

Q. And how long have you been the official court reporter for the 468th District Court of Collin County?

A. Five years.

Q. And you understand we are here today to conduct a hearing pursuant to an order from the Dallas Court of Appeals regarding pro se respondent Tariq Farooq's allegations that the court reporter's record is incorrect?

A. Yes, ma'am.

Q. Now, bringing your attention to Cause Number

8

468-51752-2020, were you the official court reporter for the proceedings in this case?

A.    No, ma'am.

Q.    The trial on this case was held from June 26th, 2024 to June 28th, 2024.  Were you the court reporter who took the testimony for that trial?

A.    No, ma'am.

Q.    Do you know who took the testimony for that trial?

A.    Yes, ma'am, Carolyn England.

Q.    Okay.  And do you delegate duties to other court reporters to take trials?

A.    Yes, ma'am.

Q.    And please explain how that works.

A.    I was out during that trial working on records myself, and I had Carolyn Hill (sic) sitting for me doing my -- the same duties that I would do taking the record, taking the trial, handling the exhibits, and then, of course, preparing a record if it was appealed.

Q.    Okay.  And did Ms. England prepare the reporter's record for appeal?

A.    Yes, ma'am.

Q.    So is it your testimony that the reporter on those specific days for the trial was Ms. England?

A.    Yes, ma'am.

9

THE COURT:  Okay.  Thank you so much.

THE WITNESS:  Thank you.

THE COURT:  You may step down.

MR. DAVIS:  Your Honor, we would ask that Ms. Benton also be excused for these proceedings.

THE COURT:  Yes, you're free to go.

THE WITNESS:  Thank you.

THE COURT:  Ms. England, if you could come forward.

MR. FAROOQ:  Your Honor, if I may object on the record, I object respectfully in the way that these -- this Rule 34.6 hearing is being conducted.  I object on the grounds that only I was informed by the previous court coordinator Ms. Kim Quillin for the 468th District Court and then subsequently by Mr. Steven Janway -- if I'm saying his name correctly -- for this court, for the 416th District Court of Collin County, Texas, that only the Judge would be asking the questions.

Rule 34.6 is very clear it's an adversarial hearing where all the parties basically get to examine, cross-examine, and engage in adversarial proceedings against each other.  Nowhere does it state in 34.6 in case law or common law that I've studied and researched that it is conducted in the way that it is

10

conducted.

Additionally, I reiterate my objection that this is the first time that I'm seeing this. I was not informed in advance of an associate or a visiting judge -- and respectfully, I don't even know your name Judge -- would be conducting or presiding on this hearing rather than Judge Andrea Thompson, whose name was explicitly mentioned in the Fifth District Court of Appeals order dated July 29th, 2025.

So for that matter, I respectfully ask the Court to sustain my objections, swear in all the parties, and have an adversarial hearing where evidence is produced by the contesting parties, the witnesses are allowed to be examined and cross-examined.

For example, Ms. Benton was here. I was not given an opportunity to cross-examine Ms. Benton on the record. This is not, respectfully, the way a Rule 34.6 hearing is conducted and that is my objection.

Additionally, I would also ask the Court to take judicial notice of offers of proof, take judicial notice of my objections on the record that I prefiled on the record, take judicial notice of more than eight or nine motions on the record related to this hearing.

Additionally, I also object that this

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

11

hearing be conducted without all those motions being predisposed before this hearing starts.

And take judicial notice of any and all other pleadings on the record that I filed that are related to this hearing respectfully.

THE COURT:  The Court takes judicial notice of the Court's record.

MR. FAROOQ:  And that would include my objections, that would include my prefiled objections, that would include my prefiled request for additional findings of facts and conclusions of law, that would include my motion to compel the court reporter, that would include my motion for notice of judicial -- notice of declaration and judicial notice -- additional notice of declaration and judicial notice.  So the Court -- just so that I understand what you just said correctly, the Court takes judicial notice of all of the above that I just mentioned?

THE COURT:  If it's in the Court's record.

MR. FAROOQ:  Yes, ma'am, it is.  It's been e-filed and e-served on all --

THE COURT:  The Court is taking judicial notice of its official record.

MR. FAROOQ:  Thank you.

One more -- one more is I would request

12

all the parties -- when I'm talking, I can't properly understand, but I guess all the parties talk a little bit slower so I can keep following because I have a hearing disability. Thank you.

THE COURT: Okay. If you could raise your right hand.

(Witness sworn by the Court)

THE COURT: Okay. You may have a seat.

CAROLYN ENGLAND,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY THE COURT:

Q. If you could state your full name.

A. Carolyn England.

Q. And are you a certified court reporter with the State of Texas?

A. Yes, ma'am.

Q. How long have you been a certified court reporter?

A. Since 1973. My math is not good. I don't know how many years that is.

Q. Okay. And has your certification as a court reporter ever been suspended or revoked?

A. No, ma'am.

Q. Do you recall Cause Number 468-51752-2020 on

13

June 26th, 2024 to June 28th, 2024?

A.    Yes, ma'am.

Q.    And do you -- is it your understanding that we're here conducting a hearing for the Court of Appeals with regard to pro se respondent Tariq Farooq's allegations?

A.    Yes, ma'am.

Q.    Now, were you the court reporter who took the testimony on that day?

A.    Yes, ma'am.

Q.    And what method of reporting did you use?

A.    I'm sorry, what method?

Q.    Yes.

A.    Stenograph machine.

Q.    And can you describe how that works to record the record?

A.    We write the words that are spoken. It's a shorthand method using syllables, and it translates into English with a lot of mistran things. Like the word furlough, each syllable is a word so it's not going to come out f-u-r-l-o-u-g-h. And so we use the audio recording to go through the transcripts word by word and make sure it's accurate as possible. Then we produce the written transcript in PDF format to the attorneys and the Court of Appeals.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

14

Q.   So on these particular days, June 26th, 2024 to June 28th, 2024, your machine was working correctly?

A.   Yes, ma'am.

Q.   And your audio recording was working correctly?

A.   Yes, ma'am.

Q.   And how do you verify the accuracy of the transcript?

A.   By double checking it against the tape recording.

Q.   And do you verify that identification of exhibits which were admitted in trial?

A.   Yes, ma'am.

Q.   And is it your practice when on the record to report all questions, answers, testimony, and any other matters from the Court?

A.   Anything that is on the record, I am required to transcribe, yes.

Q.   So anyone speaking, do you transcribe what they say?

A.   Yes, ma'am.

Q.   And do you keep a record of the exhibits that were admitted and that were not admitted?

A.   Only those that are admitted.  I keep a running list as the exhibits are admitted.

Q.   Did you prepare an official reporter's record

15

of the trial that was held from June 26th, 2024 to June 28th, 2024?

A.    Yes, ma'am.

Q.    And did you to the best of your ability of what you had on the record and recording transcribe that trial?

A.    Yes, ma'am.

Q.    Have you reviewed the transcript of the trial?

A.    Yes, ma'am.

Q.    And you've reviewed it in comparison to the actual audio recording?

A.    Yes, ma'am.

Q.    And what did you determine?

A.    I went through it very meticulously because if there's overtalking or stepping on each other or something, I have to listen to a section of it over and over and over again, not just one time.  It's not just a run through.  It's meticulously going through it.

And I did make corrections as I went, if the word was mistranned or names needed to be plugged in, and it's pretty accurate.  And then I proofread it to catch any little errors, like a typo or like -- you know, if I write like and it comes out leek and to catch little things that maybe -- or I didn't catch at the time of the editing.  And so I've gone through it at

16

least twice in the editing process.

Q. Okay. And is it your testimony that all of the exhibits were tendered and admitted, and you did report those?

A. I did record those.

Q. And has any part of the record, testimony, or the exhibits been lost or destroyed?

A. I am not aware of anything that was lost.

MR. FAROOQ: Objection. I would like to make objections. Am I allowed to make objections?

THE COURT: What's your legal objection?

MR. FAROOQ: Am I allowed to make objections in this hearing or no?

THE COURT: What's your legal objection?

MR. FAROOQ: If -- am I allowed to make objections --

THE COURT: When you make objections in court, they're legal objections. So what's your legal objection?

(Sotto voce discussion between CART provider and Mr. Farooq)

MR. FAROOQ: Yes, ma'am, my legal objection is speculation.

THE COURT: Overruled.

Q. (BY THE COURT) So Ms. England, is it your

17

testimony that the reporter's record in this case from June 26th, 2024 to June 28th, 2024 is complete and accurate?

A.    Yes, ma'am.

Q.    Okay.  Do you have any questions for this reporter?

MR. FAROOQ:  I do.  Am I allowed -- am I allowed to cross-examine the witness at this point in time?

THE COURT:  Do you have any questions?

MR. FAROOQ:  Yes, that's part of my cross-examination procedure.  Yes, I do have questions.

So, again, my question to the Court respectfully is --

THE COURT:  What's your question?

MR. FAROOQ:  I have a bunch of questions. I have a bunch of questions.  I have prefiled a bunch of questions that you've already taken judicial notice of that I'm going to go through at this point in time.

So may I proceed, ma'am?

THE COURT:  You may.

MR. FAROOQ:  Thank you.

CROSS-EXAMINATION

BY MR. FAROOQ:

Q.    Ms. England, good morning.  Did you compute or

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

18

record --

MR. FAROOQ:  Strike that.

Q.  (BY MR. FAROOQ)  Are you aware that the Fifth District Court of Appeals' order dated July 29th and before that July 14th, 2025, the specific exhibits in dispute are the 12 audio-visual exhibits?  Are you aware of that, ma'am?

A.  That's my understanding.

Q.  So should I take that as a yes?

A.  That is what I understand from the communications I have received.

Q.  Did you compute or record a cryptographic hash HSA20256 for the USB when you first received it on June 26th, 2024?

A.  I don't even understand the question.

Q.  So should I take that as a no?

THE COURT:  No, she said she doesn't understand what you're asking her.

MR. FAROOQ:  Okay.

Q.  (BY MR. FAROOQ)  Do you have procedures in place to compute or record cryptographic hash, for example, HSA20256 for USBs that you take in possession as part of your Rule 13.1 duties -- or 13.1 duties?

A.  I don't even know what that is.

What we do with a thumb drive which is

19

presented to us is we take the thumb drive, we record it as an exhibit, and we hold on to it until such time as it needs to be loaded onto the computer and transmitted as an exhibit. We do not at the time of trial in the middle of trial load it onto our computer and check it.

Q. Did you record in the transcript that you had everything you needed when I, petitioner, approached you at least twice during the final trial?

A. What I responded to you was that I have everything that has been produced to me.

Q. Okay. Do you recall that at least on two different occasions during the final trial on June 26th to June 28th, 2024 that I asked you explicitly that you had all the exhibits that had been admitted in the final trial? It's a yes or no question.

A. I do not recall interactions.

Q. Between June 28th, 2024, at the conclusion of final trial, and February 1st, 2025, where was the USB physically stored in your office or and/or was it in your possession or not?

A. No, it was not.

Q. And can you describe the events regarding the USB as to where it went and how it got transferred and what have you?

A. I am not the official reporter. The Court

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

20

maintains all original exhibits in their own method. They have a secure location they keep all their exhibits in.  They are turned over to the Court at the conclusion of trial, and the Court maintains them in their custody.

Q.   Okay.  And on February 1st, 2025, did you e-mail me, Tariq Farooq, Petitioner, that we have a problem --

MR. FAROOQ:  Your Honor, may I approach the witness?

THE COURT:  You may.

MR. FAROOQ:  So before I approach the witness, Your Honor, the Court's already taken judicial notice of its record, so for the record, I state that I'm not required to lay the proper foundation unless there's other objections for Exhibit A, which is my affidavit in support of this Rule 34.6 hearing that was filed in this case.

Your Honor, may I approach the witness?

THE COURT:  You may.

MR. FAROOQ:  Here's a copy for the Court.

THE COURT:  It hasn't been admitted.

Q.   (BY MR. FAROOQ)  Ma'am, I'm going to go back so I can see the screen.  I would appreciate it if you could read your e-mail from here to here.  I just marked it.  This is what you sent to me on February 1st, 2020?

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

21

A.   I have a copy --

Q.   Okay.  Sorry.

A.   -- which is larger print, but I'll read yours.

"Mr. Farooq, in regard to putting together the exhibit volumes for your appeal, we have run into a problem with your video exhibits.  You have them numbered by letters AB, AE, AF, AG, AI, AA, AC, SAB, SAA, PXG, PXE, PXF.  The ones you've provided on the thumb drive do not have those numbers."

Judge Wynne did advise you on record that your numbering, lettering on the thumb drive would have to match the admitted numbers.  Quote, "Judge Wynne: Mr. Farooq, you will have to clarify that for record purposes.  Your exhibits that were offered, all of them are going to have to match up to the exact letters and numbers."

We have not received a new thumb drive with those videos identified.  In an effort to ensure that all your evidence is admitted properly, we request that you send a thumb drive with the correct numbering, lettering to Amy Cabala at acabala@co.collin.tx.us as quickly as possible.  Thank you for your cooperation.

Q.   Thank you, ma'am.

Ma'am, are you aware of your duties as part of Texas Rules of Appellate Procedure and as part

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

22

of Texas Government Code?

A.    I am.

Q.    Are you also aware that -- of something called a chain of custody for exhibits?

A.    I am.

Q.    So respectfully, ma'am, with all due respect to your tenure and to your service, you would also be aware that you cannot ask for replacement exhibits outside of the chain of custody, yes or no?

A.    No, that is not correct.

Q.    So I don't understand as to what is not correct.  That you can ask -- so are you stating for the record that you can ask for replacement exhibits outside of the official chain of custody?

A.    I am.

Q.    So is that a yes or a no?

A.    Yes, I am allowed to complete the record if something is not correct.

Q.    Okay.  And that would be seven months after final trial outside of the official declared procedures?

A.    If that's when the transcript is being done.

Q.    Did you notify any judge, including Judge Lindsey Wynne or this Court's Judge, Andrea Thompson, that the exhibits, the 12 audio-visual exhibits' names did not match the one -- the names that were admitted in

23

final trial between June 26th and June 28th of 2024?

A. No, I was notified by the Court they did not match.

Q. So as part of your procedures of completing the record for the Fifth District Court of Appeals, you requested the USB back from the Collin County District Clerk's Office because it was not in your possession, correct? You just testified a little bit earlier that it was not in your possession --

A. It was in the Court's possession.

Q. And in order to complete the record, you requested it back from the Collin County District Clerk's Office?

A. No, sir, that is not how it works. The exhibits are maintained by a county employee working with the Court. Those exhibits never left the Court. They were scanned and produced as exhibit volumes by a county employee who works with the Court. All these employees are highly trained with how to handle documents and how to maintain their safety and integrity.

MR. FAROOQ: Objection, speculation.

THE COURT: Overruled.

Q. (BY MR. FAROOQ) Are you familiar with Texas Rules of Appellate Procedure 13.1?

24

A.    Not by number.

Q.    Are you familiar in general as part of 13 -- Texas Rules of Appellate Procedure 13.1, you are required to ensure as part of your job duty as an official court reporter that all the exhibits that have been admitted in final trial or during the hearing are marked properly in exactly the ones that are played in court?

A.    Sir, my job as a court reporter during a trial is to take down the testimony and keep the exhibits in a safe and secure manner.  I do not have time between testimony to double check all the exhibits and make sure they are marked properly and check videos that are on thumb drives, that is not part of the trial duties.

When we are producing a record which you requested -- otherwise they would still be in the box. If you had not requested a transcript, we would not know today that those numbers did not match.

However, I believe Ms. Aphan-Kirkland brought it to the Court's attention during trial that the thumb drive produced to her did not have numbers which matched what you were admitting, and that is why Judge Wynne made the statement that you would have to make sure those numbers matched.  Because it is the duty of an attorney, which you were acting as at that time,

25

to make sure that his record is complete and his exhibits are numbered properly and admitted properly.

Q.    Thank you, ma'am.

So you're stating that anything and everything that Judge Wynne said on the record would be on the court reporter's transcript, correct?

A.    If it is on the record, yes.

Q.    And you were also stating that it is on the record that Judge Wynne stated that the numbers did not match for the exhibits?

A.    I read --

Q.    Yes or no?

A.    I read to you what she said.  She did not mention specifics as to which exhibits she was referring to.  She said you will have to clarify that for record purposes --

MR. FAROOQ:  Objection, unresponsive.

Q.    (BY MR. FAROOQ)  It was a yes or no question, ma'am.

THE COURT:  Overruled.  Let her finish.

A.    Your exhibits that were offered, all of them, are going to have to match up to the exact letters and numbers.

Q.    (BY MR. FAROOQ)  And this is what was said on the record?  This is what Judge Wynne stated on the

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

26

record?

A.   Yes, it is.

Q.   Okay.  And so you just stated a little while ago, respectfully, ma'am, that it is not -- you don't have time to check that the exhibits that are entered on the record are marked properly.  You just stated that a little while ago, just a few minutes ago?

A.   No, I don't have time to put a flash drive in. I keep them in numerical or alphabetical order as they are admitted.

Q.   So essentially, for these 12 audio-visual exhibits, as per your e-mail, AB, AE, AF, AG, AI, AA, AC, SAB, SAA, PXG, PXE, PXF, you did not find these exhibits seven months after trial on the original USB drive, yes or no?

A.   The videos were on the USB drive.

MR. FAROOQ:  Objection, nonresponsive.

A.   The numbers --

MR. FAROOQ:  Objection, nonresponsive.

A.   -- were not correct.

THE COURT:  Overruled.

You may finish answering.

THE WITNESS:  Yes, ma'am.

A.   The exhibits were not missing.  They were on the drive.  You just had marked them a different method.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

27

They did not have the numbers that were admitted which are listed here.

Q.   Then you just read through your e-mail that you actually requested me to provide you with replacement exhibits more than seven months after trial, yes or no?

A.   Yes, I did.

Q.   So between June 28th, 2024, the conclusion of final trial, and February 1st, 2025, where was the USB physically stored?

A.   With the Court.

Q.   Okay.  And you requested the USB back on what date?

A.   I requested the USB back?  You mean from you?

Q.   No, from the court personnel who was storing it?

A.   I don't request it back.  I'm not preparing the exhibits.  A court personnel is preparing the exhibits.

Q.   So what would be the name and designation of these court personnel who would be preparing these exhibits?

A.   Ms. Amy Cabala, who is copied on this e-mail, was preparing the exhibits.  She's a court employee with many years of experience with doing these exhibits.

Q.   Thank you, ma'am.

Between June 28, 2024 and February 1st,

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

28

2025, did you ever get the USB back in your possession?

A.    It was not in my possession at any time after it was admitted the day of trial.  Once it goes to the jury room, I don't have my hands on it again.

Q.    You do -- you are the personnel or the staff or the individual who's officially responsible for supplying those exhibits to the Fifth District Court of Appeals as part of the appellate procedure, correct?

A.    I provide them from trial to the Court who is holding the trial.

Q.    So you just stated a little while ago -- and I'm a little confused, help me understand here, that it is Ms. Amy Cabala's responsibility to supply those exhibits to the Fifth District Court of Appeals?

A.    Well, apparently, you don't understand the process of how transcripts are provided.

Ms. Cabala does the computer work to scan all the exhibits in, including videos, and compare them to the master index and make sure she has all of the numbers accounted for.  Then she puts them in the Court of Appeals format, which I am not quite familiar with since I don't do that.  She knows how much space she has to have in order to make it one volume or two volumes.  She's the expert on that.

So she puts that together and makes those

29

exhibit files. I'm sure she probably has a method of storing those files for her own records, but she then e-mails me a copy of the exhibit files for me to attach to the written transcript and submit through the Court of Appeals' portal to the Court of Appeals.

Q. Thank you. Then you supply them to the Fifth District Court of Appeals?

A. Yes, sir.

Q. And who discovered that the filings on these 12 audio exhibits did not match the ones that were admitted in final trial?

A. Ms. Cabala.

Q. Okay. Just so I get it correct, you just stated on the record under oath --

MR. FAROOQ: Judge, if I may, did you swear in Ms. England? Was she sworn in as a witness? Is this sworn testimony?

THE COURT: Were you present?

MR. FAROOQ: It's a lot for me to go through. I can go back on the record. If you can help me out here, was she sworn in?

THE COURT: Every witness that testifies is sworn in.

MR. FAROOQ: Thank you. Thank you. Thank you, Your Honor. I appreciate that.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

30

Q.    (BY MR. FAROOQ)    So you just stated a little while ago that you did not check the 12 audio-visual exhibits were marked correctly during final trial, correct?    You just stated that a little while ago.

A.    Correct, I do not put them on the computer and go through them and compare them to the transcript.

Q.    Are you aware that this procedure that you followed of not checking that these exhibits were marked correctly is an utter and complete and total violation of Texas Rules of Appellate Procedure 13.1 as well as in violation of Texas Government Code, including but not limited to, 52.046?

A.    No, that is not correct.

Q.    So that was a yes or no question.    Are you aware that this procedure that you followed of not checking the exhibits is in violation or you're not aware?

A.    I said, no, it is not the procedure to stop trial to go through your thumb drive and make sure that your numbers are correct.

Q.    But you are responsible for ensuring as part of your official job duties to ensure during final trial itself or during the hearing itself that all exhibits are marked correctly, yes or no?

A.    It is the attorney's responsibility to mark his

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

31

exhibits correctly before he submits them to the Court.

Q. So you're stating on the record that it is not your responsibility to ensure that the exhibits are marked correctly?

A. It is not my responsibility to check the accuracy of what you have marked. It is my responsibility to hang on to everything you have marked and submitted and put it in a safe place.

Q. Thank you.

Did you maintain any written log documenting the USB's location during this seven month time frame between June 28th, 2024 and February 1st, 2025?

A. No.

Q. Upon discovering the 12 audio exhibits that were admitted in final trial by Judge Lindsey Wynne of the 468th District Court of Collin County, Texas, did you file a certificate of loss under Texas Government Code?

A. No, there was no loss. There was a mistake on your part but there was no loss. We had the videos.

Q. Okay. In the 12 audio-visual exhibits that you provided to the Fifth District Court of Appeals and me, those 12 audio-visual exhibits were the replacement exhibits that I provided to you on February 1st, 2025

32

via e-mail, correct?

A.   Yes, they were.

Q.   And how can you be absolutely 100 percent certain that those replacement exhibits outside of the official chain of custody are exactly the same exhibits that were admitted in final trial?

A.   I did not put --

MR. FAROOQ:   It's objection, nonresponsive.   It's a yes or no question.

THE COURT:   Overruled.   Allow her to answer.

A.   You asked me how.   You asked me how.   You didn't ask me yes or no.

How, is that it is the attorney's responsibility to ensure the accuracy of his exhibits before he submits them.   It is not my responsibility to check the attorney's work.   It is my responsibility to provide a safe method of maintaining what he did provide.

Q.   Ma'am, did you watch all the exhibits or hear all the exhibits that were played during final trial?

A.   I heard them.

Q.   And are you absolutely certain on the contents of the exhibits that were played during final trial, each and every single one of them?   If I ask you, for

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

33

example, questions right now about what exhibit contains what, do you recall any of that stuff?

A.    No.

Q.    Okay.

A.    We do not transcribe the audios that are played on the record.

Q.    So realistically speaking, there is no way for you to certify 100 percent that the 12 audio-visual exhibits that were played in final trial were an exact match with the replacement exhibits that I provided you on February 21st, 2025?

A.    Are you asking me if I am aware that you sent me something different than what you offered?

Q.    No, ma'am.  Respectfully, can you for the Court certify that the 12 replacement exhibits were exactly the same exhibits that were played during final trial?

A.    I cannot.

Q.    Thank you.

So upon discovering that the names of the -- the names -- ma'am, okay --

MR. FAROOQ:  Let me strike that.

Q.    (BY MR. FAROOQ)  Are you familiar with the term called metadata?

A.    I've heard the term.

Q.    Are you familiar with -- metadata is

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

34

essentially data about the frame work of something digital, are you aware of that?

A.   I'm not familiar with digital.

Q.   Okay.  Did you request numbering corrections from me, Petitioner, before or after discovering on February 1st, 2025 that the USB exhibit names did not match the ones played in front of the Judge and the Jury in final trial?

A.   Would you repeat that?

Q.   For the 12 audio-visual exhibits, did you request the numbering corrections after you discovered that they were not correct, correct?

A.   Yes.

Q.   And that discovery was made on or about February 1st, 2025?

A.   Let me look at the date.  I sent you this e-mail on January 31st, which means Ms. Cabala had notified me either that day or the day before.

Q.   And that was roughly about seven months after final trial, correct?

A.   Yes.

Q.   And you've already stated but let me ask this question again.  Who supplied these substitute replacements dated February 1st, 2025?

A.   You did.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

35

Q.    Who supplied these replacement exhibits to you on February 1st, 2025?

A.    You did.

Q.    Thank you.

Did you obtain any court authorization before requesting these substitute exhibits from me, Petitioner?

A.    No.

Q.    Thank you.

Do the file creation time stamps or hash values of the substitutes -- substitute replacements match the originals admitted at final trial?

A.    I don't know.

Q.    Can you state under oath that every substitute replacement file for the 12 audio-visual exhibits is identical in every bit to the file admitted at final trial?

A.    No, I cannot remember which videos were played and what they contained.

Q.    Thank you.

Through your experience, ma'am, and respectfully, is a seven month uncontrolled gap of chain of custody consistent with professional court reporting practice, yes or no?

A.    That is not a yes or no question.

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

36

Q.   Okay.  Answer it however you want.

A.   Thank you.

A seven month gap is not unusual between preparing a transcript and the finalization of trial. The gap did not insinuate that the exhibits were not under the Court's control during that whole time.  They are locked in a secure location per each court.  They were still locked in that location the whole seven months between the end of trial and the transcript production.

The Court of Appeals sets a date that this transcript is due by and that is the date that we are working toward to get everything completed.

Q.   Thank you, ma'am.

Can you identify any distinguished -- distinguishing characteristics of the original 12 audio-visual exhibit files that could verify authenticity.

A.   Can I identify anything on the videos?

Q.   Any distinguishing characteristics of the original 12 audio-visual files that would verify authenticity?

A.   No.

Q.   Can you identify any distinguishing characteristics of the replacement 12 audio-visual files

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

37

provided seven months by me outside of the official chain of custody gap --

A.   No.

Q.   -- that could verify authenticity?

A.   No.

MR. FAROOQ:  Thank you, Your Honor.  No further questions.

THE COURT:  Okay.  Thank you, Ms. England.

This concludes the --

MR. DAVIS:  Your Honor, we'd ask that Ms. England be excused.

THE COURT:  Yes, she may be excused.

And this concludes the hearing.  Thank you.

MR. DAVIS:  We'd also ask that Deputy Clerk Watson be excused as well, Your Honor.

THE COURT:  Yes.

MR. DAVIS:  May I be excused?

THE COURT:  You may.

MR. FAROOQ:  Your Honor, I object to all these excuses on the record because I have questions for these parties.  I'm allowed to take questions from all these parties.  Ms. England is not the only actor in this whole chain of custody.

THE COURT:  Sir, I'm following what's

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

38

ordered by the Court of Appeals, and I've concluded the hearing.  You're free to go.  Thank you.

(Proceedings concluded at 10:00 a.m.)

DESTINY M. MOSES, OFFICIAL COURT REPORTER
416TH JUDICIAL DISTRICT COURT, COLLIN COUNTY, TEXAS

39

THE STATE OF TEXAS    )

COUNTY OF COLLIN      )

I, Destiny M. Moses, Official Court Reporter in and for the 416th District Court of Collin County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $253.50 and will be paid by Collin County.

WITNESS MY OFFICIAL HAND this the 12th day of August, 2025.

_/s/ Destiny M. Moses_____
Destiny M. Moses, CSR, TCRR, TMR
Texas CSR:  8736
Official Court Reporter
416th District Court
Collin County Courthouse
2100 Bloomdale Road
Suite 20030
McKinney, Texas 75071
Expiration:  5/31/2027
(972) 548-4579

Re: FOLLOWUP - COURT REPORTER TRANSCRIPTS: Withdrawal of contest to my Indigency
From:Tariq Farooq (brainsurface@yahoo.com)
To:englandcourtreporting@gmail.com
Cc:acabala@co.collin.tx.us
Date:Saturday, February 1, 2025 at 01:59 PM CST

## Message Body

Ms. England,

I approached you twice during the final trial to verify that you had received all of the exhibits on the USB Drive and if there was anything missing. You confirmed to me that you had everything that you needed.

Please give exact Exhibit Numbers along with descriptions from the court reporter's transcripts so that i can resend them to you.

Tariq Farooq
214-498-9888

On Saturday, February 1, 2025 at 12:40:50 AM GMT+5, Carolyn England <englandcourtreporting@gmail.com> wrote:

Mr. Farooq,
In regard to putting together the exhibit volume(s) for your appeal, we have run into a problem with your video exhibits. You have them numbered by letters, AB, AE, AF, AG, AI, AA, AC, SAB, SAA, PXG, PXE, PXF. The ones you provided on the thumb drive do not have those numbers. Judge Wynne did advise you on record that your numbering/lettering on the thumb drive would have to match the admitted numbers.
"Judge Wynne: Mr. Farooq, you will have to clarify that for record purposes. Your exhibits that were offered, all of them are going to have to match up to the exact letters and numbers."

We have not received a new thumb drive with those videos identified. In an effort to ensure that all your evidence is admitted properly, we request that you send a thumb drive with the correct numbering/lettering to Amy Cabala at acabala@co.collin.tx.us as quickly as possible.

Thank you for your cooperation.
Carolyn England

On 1/21/2025 1:37 PM, Tariq Farooq wrote:

Ms. England and Ms. Benton,

Thank you for your response..

Just to confirm, please prepare the following record for the appeal COA:

**06/17/2024:** PISD's Motion to Quash & for Protective order - 20 min/side

**06/24/2024:** Pet's motion to seal, Pet's motion for additional time for trial, Pet's motion to compel and Resp's motion to compel, Resp's motion for order declaring T Farooq a Vexatious Litigant, Pet's motion for continuance, Pet's motion for further temp orders, Pet's motion to confer - 1 hr/side

**06/26/2024 - 06/28/2024:** Final Jury Trial

Thank you.
Tariq Farooq
214-498-9888

On Tuesday, January 21, 2025 at 08:23:40 AM CST, Robin Benton <rbenton@co.collin.tx.us> wrote:

Good morning, Mr. Farooq,

The appeal in this cause will be filed on or before February 13, 2025, which is the due date to be filed with the COA.
Thank you.

ROBIN BENTON

Official Court Reporter 468th District Court
2100 Bloomdale Rd., Ste. 20276
McKinney, Tx.  75071
972-547-7263
rbenton@co.collin.tx.us

**From:** Tariq Farooq <brainsurface@yahoo.com>
**Sent:** Monday, January 20, 2025 11:34 PM
**To:** Robin Benton <rbenton@co.collin.tx.us>
**Cc:** 'englandcourtreporting@gmail.com' <englandcourtreporting@gmail.com>
**Subject:** FOLLOWUP - COURT REPORTER TRANSCRIPTS: Withdrawal of contest to my Indigency

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. England and Ms. Benton,

Greetings.

I am following up on the status of the court reporter transcripts because I am going to be filing an expedited appeal for a special needs child - please give status update on the following:

**06/17/2024:** PISD's Motion to Quash & for Protective order - 20 min/side

**06/24/2024:** Pet's motion to seal, Pet's motion for additional time for trial, Pet's motion to compel and Resp's motion to compel, Resp's motion for order declaring T Farooq a Vexatious Litigant, Pet's motion for continuance, Pet's motion for further temp orders, Pet's motion to confer - 1 hr/side

**06/26/2024 - 06/28/2024:** Final Jury Trial

Thank you.
Tariq Farooq
214-498-9888

On Tuesday, December 10, 2024 at 10:32:57 AM CST, Tariq Farooq <brainsurface@yahoo.com> wrote:

Ms. Benton,

Thank you for your response.

I am going for an expedited appeal as it involves a special needs child.

Can you please kindly have everything ready by January 08, 2025?

Thank you.
Tariq Farooq
214-498-9888

On Monday, December 9, 2024, 10:13 PM, Robin Benton <rbenton@co.collin.tx.us> wrote:

Mr. Farooq,

The appeal is due to be filed with the COA by February 13, 2025. The record will be filed by that due date with the COA for all the hearings listed in your previous email.

ROBIN BENTON

Official Court Reporter 468th District Court
2100 Bloomdale Rd., Ste. 20276
McKinney, Tx. 75071
972-547-7263
rbenton@co.collin.tx.us

From: Tariq Farooq <brainsurface@yahoo.com>
Sent: Monday, December 9, 2024 9:59 AM
To: Robin Benton <rbenton@co.collin.tx.us>; Carolyn England <englandcourtreporting@gmail.com>
Subject: Re: Withdrawal of contest to my Indigency

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. England and Ms. Benton,

Good Morning.

Please provide turn-around time for the following:

**06/17/2024:** PISD's Motion to Quash & for Protective order - 20 min/side

**06/24/2024:** Pet's motion to seal, Pet's motion for additional time for trial, Pet's motion to compel and Resp's motion to compel, Resp's motion for order declaring T Farooq a Vexatious Litigant, Pet's motion for continuance, Pet's motion for further temp orders, Pet's motion to confer - 1 hr/side

**06/26/2024 - 06/28/2024:** Final Jury Trial

Thank you.
Tariq Farooq
214-498-9888

On Sunday, November 24, 2024 at 10:25:18 PM GMT+5, Tariq Farooq <brainsurface@yahoo.com> wrote:

Ms. England and Ms. Benton,
Good afternoon.

I am writing to address the delay in access to my transcripts, which are critical for my appeal. Please find attached my Food Stamps approval renewal letter (In November 2024), demonstrating my financial situation.

**I am currently unemployed, have no assets, no vehicle, living in my brother's home and am on welfare. Additionally, I am burdened with significant debt as a result of Judge Wynne's arbitrary rulings in my case.**

Given these circumstances, I kindly request that you withdraw your contest so that I may proceed with the appellate review regarding my special needs son's case.

Thank you for your understanding and cooperation.

Sincerely,

Tariq Farooq

214-498-9888

On Wednesday, October 23, 2024 at 12:22:41 AM GMT+5, Tariq Farooq <brainsurface@yahoo.com> wrote:

Ms. England and Ms. Benton,

Good afternoon.

I am writing to address the delay in access to my transcripts, which are critical for my appeal. Please find attached my Food Stamps approval letter, demonstrating my financial situation.

I am currently unemployed, have no assets, no vehicle, living in my brother's home and am on welfare. Additionally, I am burdened with significant debt as a result of Judge Wynne's arbitrary rulings in my case.

Given these circumstances, I kindly request that you withdraw your contest so that I may proceed with the appellate review regarding my special needs son's case.

Thank you for your understanding and cooperation.

Sincerely,

Tariq Farooq

214-498-9888